STATE OF IOWA, appellee, v. CLIFFORD HAROLD POLTON, appellant.

No. 51853.

436

June 14, 1966.

Rehearing Denied September 19, 1966.

Max W. Smith, of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, Ray A. Fenton, County Attorney, and Claude Freeman, Assistant County Attorney, all of Des Moines, for appellee.

GARFIELD, C. J.—Defendant was indicted for the crime of sodomy (fellatio) as defined in section 705.1, Code, 1962. The alleged act was committed with a 17-year-old boy. Defendant pleaded not guilty, was tried, found guilty by a jury, and sentenced to the penitentiary for not more than ten years as provided by section 705.2.

The three errors assigned on this appeal are all based on the receipt of testimony of police officers Backstrom and Warren that they observed defendant committing the unnatural act with the boy on a bed in defendant's apartment following the officers' claimed illegal entry and search thereof in violation of his constitutional rights.

Shortly after midnight on February 16-17, 1966, police officers stopped four teenage boys on a Des Moines street. The officers smelled beer on the boys, asked them where they obtained the beer and were told defendant furnished it to them. The boys said they were then on their way to defendant's apartment. The officers took the boys to the police station where they were questioned 20 to 30 minutes. Three of the boys told Officers Backstrom and Warren they had procured beer that night from defendant and he had committed sodomy upon each of them.

These officers asked the three boys if they would return to defendant's apartment to attempt to procure more beer. They agreed and the boys were taken there in a patrol car. Defendant admitted the boys to his apartment while Officers Backstrom and Warren waited outside in the hall. Defendant asked one boy, Don, age 17, to engage in an act of sodomy. Don replied, "I am game if you are", these two went into the bedroom where, with the door to the room open, the act was committed.

After the officers waited in the hall about three minutes Don's two companions opened the door to the apartment to admit the officers. "They went directly into the bedroom" and saw the unnatural sex act being committed. Officer Backstrom, while in the hall, had heard Don say, "I am game if you are." Backstrom advised defendant he was a police officer and defendant was under arrest for investigation of vice. When the officers and defendant got to the police station he was charged with sodomy.

Before leaving the apartment Officer Warren requested defendant to face the three boys and asked each of them if defendant had furnished them beer and had had unnatural sex relations with them. All answered "yes." A third officer testified defendant told him the morning the arrest was made he had had unnatural sex acts with Don and one of the other boys previously, he was not sure how many times but with one boy it was more than once.

A fourth officer testified that on the morning of February 17 defendant denied having unnatural sex relations with Don or another of the boys the previous night but admitted he had on other occasions starting around Christmas; also that acquaintances of his had told him if he "fooled with young boys he would get in trouble." It is regrettable defendant, in whose behalf no testimony was offered, saw fit to demonstrate the accuracy of this prediction.

The officers had no warrant for defendant's arrest or for the search of his apartment.

I. The constitutional rights defendant claims were violated by receipt of the officers' testimony are those guaranteed by Amendment 4 to the Federal Constitution and a like provision in Article I, section 8, of our State Constitution. The former reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The principal precedent defendant cites is Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933, which holds the quoted constitutional provision is enforceable against the states through the Fourteenth Amendment.

Without stopping to consider now whether there was any search here we think the vital question in the case is whether the arrest of defendant without a warrant was legal. If so there was no violation of the constitutional provisions he invokes. Defendant admits a search may be made without a warrant

therefor if it is incidental to a legal arrest. State v. Raymond, 258 Iowa 1339, 1344, 142 N.W.2d 444, 447, so holds. We are clear the arrest was pursuant to statutory authority and entirely legal.

Section 755.4, so far as pertinent, provides:

"Arrests by peace officers. A peace officer may make an arrest * * * without a warrant:

"1. For a public offense committed or attempted in his presence.

"2. Where a public offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it.

"3. Where he has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person to be arrested has committed it."

Both sodomy, which is a felony (section 705.1), and furnishing beer to a minor (sections 124.20, 124.37) are indictable public offenses (section 769.1).

There is undisputed evidence defendant had committed sodomy with the three boys before the officers went to his apartment, in addition to the later act with one of the boys in the officers' presence, and that they then had reasonable ground also for believing defendant had furnished beer to the boys. As stated, the officers smelled beer on the boys, they said they were then on their way to defendant's apartment, they told the officers defendant furnished them the beer and had engaged them in sodomy and stuck to their statement after 20 to 30 minutes of questioning. When the officers entered the apartment and arrested defendant they had no reason to disbelieve what the boys told them as to defendant's having committed both offenses referred to.

It is true the boys later admitted they had not been to defendant's apartment *this same night* before they went there with the officers. But the officers were unaware of this until after defendant was arrested. And the information the boys gave the officers ultimately proved to be untrue only as to the time when defendant had committed sodomy and furnished them beer.

II. Mapp v. Ohio, supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933, is not authority for the contention that receipt of the officers' testimony here violated the rights guaranteed defendant by the Fourth Amendment. In Mapp there was a search of the premises which was clearly unreasonable and bore no stamp of legality even from the Ohio Supreme Court where the conviction was upheld. See Ker v. California, 374 U. S. 23, 32, 83 S. Ct. 1623, 10 L. Ed.2d 726, 737.

Here, as we shall see, it may fairly be held the officers' testimony related to facts observed by them, without making any search or seizure, while in the process of effecting a lawful arrest without a warrant. If it be assumed, without so deciding, there was a search—there was certainly no seizure of evidence —it was incident to such an arrest and was therefore not unreasonable.

"The cases have imposed no requirement that the arrest be under authority of an arrest warrant, but only that it be lawful" (citations). Ker v. California, supra, 374 U. S. 23, 41, 83 S. Ct. 1623, 1634, 10 L. Ed.2d 726, 743. See also State v. Raymond, supra, 258 Iowa 1339, 1346, 142 N.W.2d 444, 448.

Ker v. California fully supports our conclusion this arrest was lawful. There the officers entered petitioners' apartment without a warrant for the arrest of either (husband and wife) by unlocking the apartment door with a passkey they obtained from the office of the manager of the multiple-apartment building. California had a statute (code section 844) very much like our Code section 755.9 authorizing peace officers to break into a building in which the person to be arrested may be, after demanding admittance and explaining their purpose. The supreme court held the officers' lack of compliance with this statute in entering the apartment did not offend federal constitutional standards of reasonableness and therefore vitiate the legality of the accompanying search.

The Ker opinion quotes with approval this from People v. Maddox, 46 Cal.2d 301, 306, 294 P.2d 6, 9, certiorari denied 352 U. S. 858, 77 S. Ct. 81, 1 L. Ed.2d 65 (at page 39 of 374 U. S., pages 741, 742 of 10 L. Ed.2d) :

"It must be borne in mind that the primary purpose of the constitutional guarantees is to prevent unreasonable invasions of the security of the people in their persons, houses, papers, and effects, and when an officer has reasonable cause to enter a dwelling to make an arrest and as an incident to that arrest is authorized to make a reasonable search, his entry and his search are not unreasonable. Suspects have no constitutional right to destroy or dispose of evidence, and no basic constitutional guarantees are violated because an officer succeeds in getting to a place where he is entitled to be more quickly than he would, had he complied with section 844."

This from Ellison v. United States, 93 App. D. C. 1, 3, 206 F.2d 476, 479, also applies here: "This brings us to appellant's remaining contention—that the entry into the house was an invasion of his rights. Here, too, we must rule against him. If there was probable cause to make an arrest—as we hold there was—there was justification for at least the peaceable entry which here was made. (citations) There is no need to determine whether consent was given: *here the entry was proper regardless of consent.* * * * The evidence was therefore admissible, and the motion to suppress was properly denied" (emphasis added).

Here, as before explained, the officers entered the apartment through the door opened by two of the three boys defendant had admitted thereto. Their entry was peaceable. There was no need to break into the apartment or demand admittance as provided by Code section 755.9. The evidence fully justifies the finding the officers, when they entered, had reasonable ground for believing defendant had committed two public offenses, one a felony, for which they had the right—indeed the duty—to make an arrest. We are not persuaded the arrest was rendered illegal by the manner in which the officers were admitted to the apartment.

Other excerpts from Ker v. California, supra, bear repeating here. For example, its approval of the significant statement from Elkins v. United States, 364 U. S. 206, 222, 80 S. Ct. 1437, 1446, 4 L. Ed.2d 1669, 1680 (at page 32 of 374 U. S., page 737 of 10 L. Ed.2d): "it can fairly be said that in applying the Fourth Amendment this Court has seldom shown itself unaware

of the practical demands of effective criminal investigation and law enforcement."

The principal precedent cited in defendant's brief other than Mapp v. Ohio, supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933, and the only authority quoted is State v. Hagen, 258 Iowa 196, 137 N.W.2d 895. Like Mapp it is not factually in point here. It involved an obvious unreasonable and illegal entry into defendant's padlocked dwelling for the purpose of searching for evidence to be used against him in a criminal proceeding. Defendant was then in jail in an adjoining county "and the search was not incident to a lawful arrest" (page 205). Articles seized in the search were received in evidence in the subsequent trial. The opinion observed that the provisions of the Fourth Amendment invoked here "protect only against unreasonable search and seizure" (page 204 of 258 Iowa, 899 of 137 N.W.2d).

III. As indicated in Division II hereof, it may fairly be held the officers' testimony related to facts observed by them without making any search or seizure, while in the act of effecting a lawful arrest authorized by Code section 755.4, supra. No testimony was offered at the trial pertaining to any search of defendant's apartment; nothing was seized. As previously stated, testimony at the trial was that the officers, upon being admitted to the apartment, went directly to the bedroom or, at least, to the open bedroom door where the crime against nature was being committed.

The officers' merely seeing what was before them in full view did not constitute a search. Ker v. California, supra, 374 U. S. 23, 43, 83 S. Ct. 1623, 10 L. Ed.2d 726, 744; United States v. Lee, 274 U. S. 559, 562, 47 S. Ct. 746, 71 L. Ed. 1202, 1204, cited with approval in Ker; United States v. Barone, 2 Cir., N. Y., 330 F.2d 543, 544; Ellison v. United States, supra, 93 App. D. C. 1, 206 F.2d 476, 478, and citations.

There was evidence at the preliminary hearing before the committing magistrate that the officers did search the apartment after observing the occurrence in the bedroom. However, the undisputed evidence at the hearing is that defendant consented to what was done. Nothing of an incriminating nature was found in any event. As before indicated, if there was a search

it was incident to a lawful arrest and hence not unreasonable. The transcript of the evidence at the hearing was, by agreement, used in support of defendant's preliminary motion to suppress the testimony of Officer Backstrom.

Of course a search, if one was made, to which defendant consented would not violate his rights under the Fourth Amendment. State v. Post, 255 Iowa 573, 582, 123 N.W.2d 11, 16, and citations; State v. Raymond, supra, 258 Iowa 1339, 1344, 142 N.W.2d 444, 447. Nor would the subsequent search, if made, render inadmissible evidence of knowledge previously obtained in making the arrest. United States v. Lee, supra. Since, as stated, no evidence of a search was offered at the trial, nothing incriminating was found in any event, and the arrest was lawful, the testimony referred to at the preliminary hearing on which the motion to suppress was submitted affords no ground for complaint.

We find no reversible error and the judgment is therefore— Affirmed.

All JUSTICES concur except RAWLINGS, J., who concurs in the result.