STATE OF IOWA, appellee, v. ROBERT DUANE ANDERSON, appellant.

No. 51950.

(Reported in 148 N.W.2d 414)

FEBRUARY 7, 1967.

Nielsen, Koons & Condon, of Cedar Rapids, for appellant.

Lawrence F. Scalise, Attorney General, Ted F. Fay, Jr., Assistant Attorney General, and Jack M. Fulton, of Cedar Rapids, County Attorney, for appellee.

GARFIELD, C. J.—A jury found Robert Duane Anderson guilty of the crime of possession of burglar's tools in violation of section 708.7, Code, 1962. He has appealed from judgment on the verdict, contending the search of his automobile and receipt in evidence of articles found therein violated his rights under Amendment 4 to the Federal Constitution. We find the contention without merit.

So far as material here, section 708.7 provides: "If any person be found having in his possession at any time any burglar's tools or implements, with intent to commit the crime of burglary,

he shall be imprisoned * * * . * * * and the possession of such tools or implements shall be presumptive evidence of his intent to commit burglary."

Sometime before 5 a.m. on Sunday, January 3, 1965, defendant was driving his automobile on First Avenue East in Cedar Rapids with his younger brother a front seat passenger. Police officers in their cars followed the automobile at times for some two hours. They had received a report of an attempted break-in of a tavern in the northeast part of the city and the Anderson brothers were suspected of committing the crime as well as several previous burglaries in the city. It was known they had been convicted several times. At the trial each admitted conviction of six previous felonies. Finally the officers decided to stop the car and check it and did so.

An officer first asked defendant to produce his driver's license and the two occupants were asked to get out of the car. Defendant had been seen to take something from his person and place it under the front seat of the car. After the two men alighted from the car, the officers saw a rifle lying on the floorboard against the back of the front seat. An officer reached under the front seat and found a pistol. Both weapons were loaded. The two men were told they were under arrest for carrying concealed weapons and were driven to the police station. At the same time an officer drove defendant's car to the police garage near the station where the search begun at the place of arrest was promptly completed.

Completion of the search, after the car was moved, revealed two boxes of cartridges for the rifle, a sledgehammer, two pry bars, a cold chisel, a punch, a screwdriver and a pair of buckskin gloves. The cartridges were found in the glove compartment and the tools under the seats. At the scene of the arrest the soles of defendant's boots were seen to be covered with tape which would render his footprints indistinct. Defendant was also wearing a pistol holster on the side of his "Levis".

After the search of the car was completed defendant was charged with possession of burglar's tools.

I. Before trial defendant moved to suppress evidence of the articles found in his automobile on the ground the search

and seizure violated his rights under Amendment 4 to the Federal Constitution. Pursuant to request in the motion the trial court held an extended hearing thereon at which defendant testified in his own behalf and five police officers testified for the State. Oral arguments of counsel were heard and briefs were furnished the court.

The trial court ruled the search of the automobile at the police station was a continuation of the search properly commenced at the scene of arrest, that probable cause for the search existed when commenced, and overruled the motion to suppress.

What is heretofore stated is an outline of the evidence at the hearing on the motion to suppress as well as at the trial. Some other evidence will be referred to later.

II. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." A like provision is Article I, section 8, of our state constitution.

The Fourth Amendment is enforceable against the states through Amendment 14 and renders inadmissible in a state court evidence seized in violation of the former provision. Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933; State v. Hall, 259 Iowa 147, 152, 143 N.W.2d 318, 320.

Defendant's main reliance is Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed.2d 777. We do not find it in point. There Preston and two others in a motorcar were arrested for vagrancy, searched for weapons and taken to police headquarters. No search of the car was attempted at the time of the arrest. Nor was the car used as an instrumentality in the commission of the crime for which the men were arrested. The Preston car was later driven by an officer to the police station from where it was towed to a garage and searched. The search revealed two loaded revolvers and other articles suitable for use in a robbery. It was held the search without a warrant failed to meet the test of reasonableness prescribed by Amendment 4,

rendering the evidence seized inadmissible upon a trial and conviction for conspiracy to rob a bank.

The Preston opinion recognizes "Common sense dictates, of course, that questions involving searches of motorcars * * * cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. [Citation] But even in the case of motorcars, the test still is, was the search unreasonable." (Pages 366, 367 of 376 U. S., page 780 of 11 L. Ed.2d)

■ III. Before calling attention to several decisions supporting our view that the Preston opinion does not call for a reversal under such facts as we have here, we note there is ground for holding defendant waived the right to contend the articles seized by the officers were illegally received in evidence.

Upon the trial the State separately offered in evidence each article found in the automobile as well as the pistol holster and boots with taped soles. Defendant's attorney not only made no objection, but affirmatively stated as to each offer he made none, thus apparently seeking to lead the jury to believe defendant willingly consented to the offers. The objection that "certain items" said to be the result of illegal search and seizure were admitted in evidence was first made in defendant's motion for new trial after the verdict. Defendant's attorney was an experienced one evidently chosen by defendant.

Except that a motion to suppress evidence was made and denied here and this was not done in State v. Dwinells, 259 Iowa 945, 950, 146 N.W.2d 231, 234, 235, this is a clearer case than Dwinells of waiver of the right to object to admission of the seized articles in evidence. However, we prefer not to rest our decision upon this ground which perhaps is somewhat technical. We hold the ruling on the motion to suppress was not error.

■■ IV. A search for incriminating evidence without a warrant may be made if incidental to a lawful arrest. State v. Dwinells, supra; State v. Polton, 259 Iowa 435, 438, 439, 143 N.W.2d 307, 309; State v. Raymond, 258 Iowa 1339, 1344, 142 N.W.2d 444, 447. The legality of defendant's arrest is not questioned. We are satisfied it was legal even though made without

an arrest warrant. See Code section 758.4; also precedents last above cited and Ker v. California, 374 U. S. 23, 41, 83 S. Ct. 1623, 1634, 10 L. Ed.2d 726, 743.

If the search begun at the time and place of arrest had been completed there the contention it was unreasonable, in violation of Amendment 4, would be groundless. We think the slight delay in completing the search until the car had been moved to the police garage did not, under the circumstances here, render it unreasonable. Defendant himself testified at the hearing on the motion to suppress that the car was only partially searched at the time and place it was stopped.

An officer testified at the hearing to the obvious fact it is a little more convenient to search a car inside a garage than out on a public street amidst constant traffic. At the trial it was shown it was dark and cold, with the rear window of defendant's car frosted over, at the time it was stopped. As stated, it was before 5 a.m. Sunday, January 3. Further, the street on which the car was stopped carried the traffic on U. S. Highway 151 and Iowa Highway 64 through the State's second largest city. Completion of the search at that point might reasonably interfere with traffic and be dangerous.

To require the officers to complete their search of the car under these unfavorable conditions without moving it or to delay completion until a sworn application for a search warrant could be prepared and warrant obtained from a magistrate was not essential to compliance with the Fourth Amendment.

The Supreme Court has reminded us its "decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract." United States v. Ventresca, 380 U. S. 102, 107, 85 S. Ct. 741, 745, 13 L. Ed.2d 684, 688; State v. Hall, supra, 259 Iowa 147, 153, 143 N.W.2d 318, 321.

It has been repeatedly held that what is a reasonable search depends upon the facts and circumstances of each case. United States v. Rabinowitz, 339 U. S. 56, 65, 70 S. Ct. 430, 435, 94 L. Ed. 653; Arwine v. Bannan, 6 Cir., Mich., 346 F.2d 458, 469; Fraker v. United States, 9 Cir., Cal., 294 F.2d 859, 862; State v. Wood, 197 Kan. 241, 416 P.2d 729, 733. The test of

reasonableness is not to be stated in rigid and absolute terms nor by any fixed formula. Arwine v. Bannan, supra.

State v. Wood, supra, a unanimous decision filed July 14. 1966, makes these pertinent statements:

"We doubt that Preston can be interpreted to mean that a police officer must search the vehicle at the moment of arrest when an equally prudent course of action would be to move the vehicle to a more convenient or suitable location for the search. We are more inclined to believe that the holding in Preston turned upon the lack of continuity of purpose by the arresting officers. [Citations]

"* * * Our view of the evidence in the instant case is that the arrest of the defendant, the removal of the automobile and its search were a series of events constituting one continuous happening. Under such circumstances, the search occurred substantially contemporaneous with and incidental to the arrest. The fact defendant was not present did not prevent the search from being incidental to his arrest. [Citation]"

No search had been commenced at the scene of arrest in the Wood case.

We note that State v. Wood holds "The 'place of arrest' in cases involving a search of an automobile over which an accused has immediate control at the time of arrest has reference to the vehicle itself rather than its geographical location." (Page 732 of 416 P.2d) To like effect is Arwine v. Bannan, supra, 6 Cir., Mich., 346 F.2d 458, 470.

It is also noted that Cameron v. State, Fla. App., 112 So.2d 864, 873, declares: "As a necessary and proper evolution of the living law to meet the changing needs of society, the modern trend of authority is to narrow the concept of immunity against searches and seizures when it involves a motor vehicle used as an aid to the commission of crimes, whether in transporting the criminal or the fruit of the crime. This trend is reflected by the acceptance of less compelling facts and circumstances than formerly required to constitute 'probable cause' for an arrest of the driver or occupant, or for search of the vehicle and seizure of property found therein without supporting warrants."

Arwine v. Bannan, supra (1965), quotes the above with approval. (Page 469 of 346 F.2d)

On facts much like those here People v. Montgomery, 21 App. Div.2d 904, 252 N. Y. S.2d 194, 195, finds and holds "* * * the search of the car in question started at the time and place of the arrest; (3) that there was a brief, reasonable suspension of the search because of a situation which arose at the scene of the arrest and which made completion of the search at that place inadvisable; and (4) the search at the station house, immediately following such brief suspension, was merely a *continuation* of the search initiated at the time and place of the arrest. Hence, we hold that the search was incidental to and contemporaneous with a lawful arrest; that the search was valid; and that the guns discovered by the search were properly admitted into evidence."

Trotter v. Stephens, D. C. Ark., 241 F. Supp. 33, 41–43, goes further than we do in holding a search and seizure without a warrant not unreasonable. The automobile there was searched about two hours after arrest without a warrant on a charge on which petitioners in habeas corpus were convicted and sentenced to death. The case holds: "The car was obtained incident to and contemporaneous with Trotter's arrest and the subsequent search of the car two hours later was merely part of one continuous act, even though interrupted by the arrest of Harris in the interim. * * * Suffice it to say that there was no federal right violated by the search of the car and the fruits of this search * * * were not unlawfully obtained." (Harris was Trotter's confederate in committing the crime.)

The Trotter opinion distinguishes Preston v. United States on the ground the Trotter car was an instrumentality used in committing the crime—a matter we consider infra—and was examined closely at the time of arrest.

Our holding that the delay in completing the search here did not render it unreasonable in the constitutional sense also finds support in Drummond v. United States, 8 Cir., Mo., 350 F.2d 983, 987, 988, and Knotts v. State, 237 Md. 417, 207 A.2d 100, 101–103, distinguishing the Preston case.

■ V. We think another ground for holding the search here was reasonable is that the car was an instrumentality used in committing both the crimes of carrying concealed weapons in violation of Code section 695.2 and possession of burglar's tools in violation of 708.7; the State was entitled to arrest defendant and impound the car, thus depriving him of his right of possession; search of the car for incriminating evidence while rightfully in the State's control did not deprive defendant of any right under the Fourth Amendment.

■ "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State. Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed.2d 908." State v. Findlay, 259 Iowa 733, 738, 145 N.W.2d 650, 654.

See in support of this added ground for holding the search not unreasonable Trotter v. Stephens, supra, 241 F. Supp. 33, 41, 42; Burge v. United States, 9 Cir., Alaska, 342 F.2d 408, 414; Johnson v. State, 238 Md. 528, 530, 209 A.2d 765, 770. See also Ker v. California, supra, 374 U. S. 23, 83 S. Ct. 1623, 10 L. Ed.2d 726.

In Burge the government seized and impounded a car used in transporting narcotics and while so impounded searched it for incriminating evidence. The court held "From the time of seizure until the search, the vehicle was in the lawful custody of the United States. In these circumstances the search without a warrant of appellant's car could not be said to be 'unreasonable'."

The facts in Johnson v. State, supra, are less favorable to the State than those here. Immediately following the arrest of defendant and others a revolver was found under the front seat of the car. Other articles were found in it by a search conducted several hours later after the car had been removed to the police station. It was held the search was not unreasonable; that, unlike the Preston case, the officers had a reasonable cause to believe the car had been used as an instrument in the perpetration of the alleged crime. "Having lawfully seized it, the police had the right to examine it after the seizure for evidence in connection with the crime."

Affirmed.

All JUSTICES concur.