STATE OF IOWA, appellee, v. WILLIAM ROGER COLLINS, appellant.

No. 52115.

(Reported in 152 N.W.2d 612)

AUGUST 31, 1967.

Fairall & Fairall, of Marshalltown, for appellant.

Richard C. Turner, Attorney General, Stephen C. Robinson, Assistant Attorney General, and John L. Vasey, of Story County, Assistant County Attorney, for appellee.

BECKER, J.—Defendant was charged by county attorney's information with operating a motor vehicle while intoxicated. He pleaded not guilty, was tried by jury and found guilty. He assigns six errors on appeal. We affirm the conviction and subsequent judgment.

On September 3, 1965, state highway patrolmen were operating a radar checkpoint on Highway 30 some three miles east of Highway 69. The radar unit showed a car to be traveling 76 miles per hour. Patrolman Hill followed the car some distance. When Hill got behind the car it was going only 30 to 35 miles per hour. He followed about a mile. Just before the car was stopped it accelerated to 45 or 50. During the time the car was followed it crossed the center line twice.

After stopping the car, the patrol officer approached and found defendant was driving. Defendant rolled down the window. The officer immediately noticed a smell of intoxicating liquor. After defendant produced his driver's license Hill walked back to his patrol car and called the other members of the unit for help. He stated he had a possible OMVI case.

Upon returning to the car Patrolman Hill had defendant get out of the car, asked him if he had anything to drink and was told "a little". Defendant was asked to walk up the edge of the pavement and back. He complied. The officer testified that at this time defendant's eyes were bloodshot and watery, pupils dilated, his speech was a little slurred, his balance was unsteady, his walk uncertain and his breath smelled of liquor. The officer asked defendant if he had any liquor in the car and defendant said "no".

Defendant was placed in the patrol car. By looking into defendant's car Hill could see a brown paper sack that he thought might contain beer or intoxicating liquor. The car was searched and the brown paper sack was found to contain seven full cans of beer. A fifth of whiskey with a small part of its contents gone was found between the front and back seats. An empty beer can was found under the driver's seat and two opened, partly full cold cans of beer were found, one by the passenger's side of the front seat and one near and partly under the back seat. No search of the glove compartment or trunk was attempted.

Defendant was taken in the patrol car to the county jail at Nevada. On the way Hill asked defendant how much he had to drink that evening and defendant said "seven cans of beer" between 4:30 and 10 p.m. of that evening. Also on the trip to the jail defendant told the officer that he did not want to take a blood test or any other test.

At the station defendant stumbled while going up some steps. Officer Hill then took defendant to the radio room where he had defendant walk a line about 10 feet long, stand with his eyes closed and his hands at his side, and touch the tip of his nose with the index finger of first one hand and then the other. These tests were witnessed by David Rankin, a college student

who worked part time at the sheriff's office. Patrolman Neil Longseth observed defendant at the scene of the arrest and at the jail but did not watch the tests.

Testimony of Hill and Rankin agreed that defendant had trouble with the three tests. From observing defendant's walk, action and demeanor before the tests and from the tests themselves all three expressed the opinion that defendant was intoxicated.

Defendant denied being intoxicated, recited his version of the sobriety tests, stated that he has always had difficulty with his balance, and explained the acts of driving over the center line and slowing down and accelerating by the fact that he was reaching for some pizza that he and his companions had purchased earlier. He was corroborated in these statements by two other witnesses. The jury accepted the testimony of the State and found Mr. Collins guilty.

Defendant assigns six errors upon which he relies for reversal.

■ I. After defendant had been charged by county attorney's information but before trial, defendant moved the court to order that a preliminary hearing be held. This motion was overruled by trial court with the observation that no preliminary hearing is necessary where county attorney's information has been filed. This ruling was correct. In State v. Clark, 258 Iowa 254, 257, 138 N.W.2d 120, we said:

"As to the complaint that no preliminary hearing was provided, none was necessary. A county attorney's information had been filed. Chapter 769, Code, 1962, provides for proceedings under county attorney's information which are in lieu of preliminary hearing and subsequent action by the grand jury. The procedure does not contemplate a preliminary hearing."

■ II. Defendant also attacks the failure to afford him a preliminary hearing as a violation of due process clause of the United States Constitution, Amendment 14. This is a more serious challenge but it has been authoritatively decided both by this court and the Supreme Court of the United States. In State v. Ostby, 203 Iowa 333, 337, 212 N.W. 550, we said:

" 'It is insisted that the ordinance is in conflict with Article 5 of the amendments of the Constitution of the United States, which provides that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury." It is sufficient to say, upon this point, that this provision of the Federal Constitution is applicable alone to the exercise of power by the United States, and is not a restriction upon the legislative authority of the States. *Barron v. Mayor and City of Baltimore,* 7 Pet. 243.' "

A like result was reached in Hurtado v. California (1884), 110 U. S. 516, 4 S. Ct. 111, 28 L. Ed. 232, and reaffirmed in Palko v. State of Connecticut (1937), 302 U. S. 319, 323, 58 S. Ct. 149, 151, 82 L. Ed. 288, in the following words:

"The Fifth Amendment provides, among other things, that no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury. This court has held that, in prosecutions by a state, presentment or indictment by a grand jury may give way to informations at the instance of a public officer. Hurtado v. California, 110 U. S. 516 [4 S. Ct. 111, 292, 28 L. Ed. 232]; Gaines v. Washington, 277 U. S. 81, 86 [48 S. Ct. 468, 470, 72 L. Ed. 793]."

The Hurtado case also discussed the impact of the due process clause of the Fourteenth Amendment on this problem. Although the United States Supreme Court has recently criticized the "sweeping language" of Hurtado, it has not overruled the holding in the case. See Gideon v. Wainwright (1963), 372 U. S. 335, 341, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733, and Powell v. Alabama (1932), 287 U. S. 45, 66, 67, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.

■ III. Defendant's third assignment of error attacks the admission in evidence of the beer cans, full and empty, and the bottle of whiskey. We think the evidence was lawfully seized by search incidental to and contemporaneous with a valid arrest. The odor of intoxicating liquor, the brown paper sack visible in the car from the outside and the condition of the driver all generated a reasonable belief that the automobile contained intoxicating liquor. The search was made at the scene of the arrest

immediately after placing defendant in the patrol car. What is a reasonable search made in connection with an arrest depends upon the facts and circumstances of each case. Here we hold the search was reasonable and legal. See State v. Anderson, 260 Iowa 122, 148 N.W.2d 414; State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444; State v. Rye, 260 Iowa 146, 148 N.W.2d 632.

In this assignment of error defendant also argues that in order to be legally seized the property must be a tool or instrumentality of the crime, contraband, or stolen or embezzled property. In other words defendant relies on the mere evidence rule. This rule was specifically rejected by this court in State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444, and abandoned by the Supreme Court of the United States in Warden, Maryland Penitentiary v. Hayden (1967), 387 U. S. 294, 87 S. Ct. 1642, 18 L. Ed.2d 782. The evidence seized need not be in one of the categories listed by defendant. Evidence is properly seized if it is material and relevant to the inquiry, i.e., it may be seized simply for the purpose of proving a crime.

IV. In this regard we next take defendant's fifth assignment of error out of order. This consists of the assertion that the beer cans, full and empty, and the whiskey bottle, partly full, should have been excluded as irrelevant and immaterial. We need not discuss this assignment at length. We simply hold that presence of 10 beer cans, one of which was empty at time of seizure and two of which were partly full at that time, and a whiskey bottle which was only partly full, all constitute evidence that is relevant and material to the question of the driver's sobriety.

V. Defendant's fourth contention is that the physical evidence of the beer cans and whiskey bottle should have been suppressed because they were not mentioned in the minutes of evidence. Prior to trial defendant made a motion to require the State to make its minutes of evidence more specific. He asked particularly that the State be requested to state the names and addresses of the witnesses it intended to use and for the nature and details of the sobriety tests referred to in the minutes of evidence. The court sustained these two motions and the State complied. Defendant did not ask that any physical evidence that

State intended to use be referred to in the minutes of evidence or physically produced and filed no motion for a bill of particulars. Under this record it was not error for the trial court to admit the beer cans and whiskey bottle in evidence. State v. Bailey, 202 Iowa 146, 209 N.W. 403.

VI. Defendant's sixth and last assignment of error is predicated on the court's allowance of testimony in regard to the sobriety test where the evidence shows that the police gave defendant no warning before asking him to perform the test. Defendant cites Escobedo v. State of Illinois (1964), 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977, and Carnley v. Cochran (1962), 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed.2d 70, as authority for his position that defendant was entitled to a warning as to his right to counsel and to a warning against self-incrimination. We have ruled several times that such warnings are not made necessary by the two United States Supreme Court cases cited. In State v. Fox, 257 Iowa 174, 131 N.W.2d 684; State v. Tharp, 258 Iowa 224, 138 N.W.2d 78; State v. Mabbitt, 257 Iowa 1063, 135 N.W.2d 525; State v. Leiss, 258 Iowa 787, 140 N.W.2d 172; State v. Myers, 258 Iowa 940, 140 N.W.2d 891; State v. Miller, 259 Iowa 188, 142 N.W.2d 394, and State v. Rye, 260 Iowa 146, 148 N.W.2d 632, we considered this matter under a variety of factual circumstances. In all of these cases (usually by a divided court) we held that the warnings that defendant would have us require here were not necessary to admission of a confession or statement and that the Escobedo and Carnley cases did not change our rule in this regard. The views announced in the aforecited cases remain the law in Iowa for all cases tried prior to June 13, 1966, the date Miranda v. Arizona (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694, 10 A. L. R.3d 974, is applicable to state criminal trials. This case was tried during the week of November 30, 1965. Miranda v. Arizona does not apply, Johnson v. New Jersey (1966), 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882.

The State's brief seeks to uphold the admissibility of the results of the sobriety tests when no warning has been given on the basis of Schmerber v. California (1966), 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed.2d 908. We do not reach that question.

Whether sobriety tests in a case involving intoxication are nontestimonial in the sense blood tests are said by the United States Supreme Court to be nontestimonial we do not now decide.—Affirmed.

All JUSTICES concur except LeGRAND, J., who takes no part.