STATE of Iowa, Appellee,

v.

David Angelo VALLIER, Appellant.

No. 52783.

Supreme Court of Iowa.

June 11, 1968.

Rehearing Denied Sept. 4, 1968.

R. M. Fassler and Allan D. Kane, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and William G. Faches, Cedar Rapids, County Atty., for appellee.

MASON, Justice.

David Angelo Vallier was charged by county attorney's information with breaking and entering with intent to commit larceny contrary to section 708.8, Code 1966. Following a plea of not guilty the matter proceeded to trial by a Linn County jury which

returned a verdict of guilty. Motion for new trial was overruled and defendant was sentenced to imprisonment in the state penitentiary for a term not to exceed 10 years.

From this final judgment defendant appeals.

His two assignments of error present the sole question whether evidence obtained at the time defendant was taken into custody consisting of a green safe, a maul, a pry bar, a valve, pliers and a safe dial should have been suppressed as being a result of an illegal seizure of defendant's automobile in violation of Amendments 4 and 14 of the federal constitution and Article I, section VIII, of the state constitution.

I. After the jury was impaneled but before introduction of any evidence, defendant moved to suppress this evidence, contending it was the result of an illegal and improper search and seizure of his automobile which was impounded without a warrant and its driver arrested and held in jail without a warrant. He argues a search or seizure of a motor vehicle must be based upon probable cause even though the standard requiring a search warrant be first obtained is not the same for vehicles as for fixed objects.

At defendant's request a hearing was had before the court on his motion to suppress. Defendant testified and witnesses were called by the State. From the record made, it is established that defendant was driving his 1953 Pontiac automobile about 11:30 p. m. on a Cedar Rapids street when stopped by police. The officers did not have any warrants of arrest nor did they indicate why they were stopping him when they asked him to get out of the car. Defendant's companion in the car was placed under arrest for resisting arrest when he refused to get out of the driver's seat of the car. Defendant was taken to the Cedar Rapids police station, kept over night, but not charged with the crime until the following day when he was charged with breaking and entering and possession of burglar tools.

All police officers had been directed to watch for defendant's car. It was first observed by two city police officers in a downtown parking lot with the back of the car weighted down to within four or five inches of the pavement, the trunk lid open approximately six to eight inches. Both patrolmen knew this car belonged to defendant. On closer inspection made by shining a light through the opening to the trunk, the officers saw what appeared to be a safe.

They called Mr. Trousdale and Mr. Gearhart, detectives of the Cedar Rapids police department. When the detectives arrived, the officers advised them of their checking the vehicle and that a metal box which appeared to be a safe with two wheels similar to those under a safe was in the trunk. The detectives drove by the car, observed the same details and went to a police call box on another assignment, directing the patrol car to stay and observe the vehicle.

While the detectives were at the call box two individuals entered the automobile, left the parking lot driving in a westerly direction on First Avenue. They were followed by a marked patrol car and the detectives in their unmarked car until stopped on Johnson Avenue.

As the driver got out of the car, both detectives recognized him as Vallier and that he had been drinking. Trousdale decided to have him sent to the police station "to be checked on how much he had been drinking." Defendant was taken to the station but not formally charged with operating a motor vehicle while intoxicated as "it was determined that he wasn't under the influence enough." After defendant was sent to the station and his companion placed under arrest, defendant's vehicle "was impounded because it was sitting in the traveled portion of the roadway in a hazardous position."

One detective left immediately, secured a search warrant, returned to the station with it about 1:30 a. m. and made a search

of the trunk where he had found the safe and tools described. About 2:30 defendant was charged with a crime.

Gearhart testified he was familiar with Vallier as a known felon, had stopped him at midnight with what appeared to be a safe in his car, and although defendant stated there was nothing in the trunk when questioned, the rear of the trunk was four to five inches from the pavement.

The court overruled defendant's motion and the trial proceeded. The State offered in evidence each of the items seized over defendant's objection on the basis urged in his motion to suppress. At the close of the State's case defendant renewed his motion on similar grounds. After the motion was overruled, defendant rested and renewed his motion. Defendant's motion was again overruled and the matter finally submitted to the jury.

II. Defendant makes no complaint as to the validity of the search warrant or contention it was issued without probable cause.

Although defendant concedes a search or seizure without a warrant may be predicated upon either voluntary consent or be conducted as an incident of a lawful arrest, he maintains evidence seized as the result of an unlawful arrest is inadmissible at trial even though a search warrant is later obtained.

He further contends the officer must have probable cause either at the stopping or when additional facts are learned to make a lawful arrest. Defendant argues he was never arrested for any crime when taken into custody and had not been charged even when the car was actually searched after being seized; the charges of erratic driving and intoxication were never seriously contended or pursued by the officers. He contends there was no lawful reason to seize his vehicle; its seizure on the pretext that it was parked in a hazardous position was not only the officer's doing but the car could easily have been moved.

It is admitted that when the car was stopped the police were not aware that the Moorman Company had been broken into and its safe taken, and didn't learn of the burglary until the next afternoon.

We do not agree that there was an unlawful arrest under the circumstances here.

Code section 755.4 provides in part:

"Arrests by peace officers. A peace officer may make an arrest * * * without a warrant:

"1. * * *

"2. * * *

"3. Where he has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person to be arrested has committed it. * * * "

■ Whether defendant's arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it, " * * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that * * * [defendant] had committed or was committing an offense. [Citing cases]. 'The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officer's whim or caprice.' " State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444, 447, and citations.

■ As bearing upon the question whether the officers had probable cause to arrest defendant, we direct attention to facts some of which were heretofore stated. All Cedar Rapids police officers had been directed to watch for defendant's car. Of course, the mere fact that someone had

told the police department to be on the lookout for his vehicle could not justify an arrest without a warrant. Swinney v. United States (5 Cir.), 391 F.2d 190, 194, citing Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. This fact alone or in combination with the fact defendant was a known felon, although admissible and relevant to the issue of probable cause, would not be sufficient to constitute probable cause for his arrest. Beck v. State of Ohio, supra, 379 U.S. at 97, 85 S.Ct. at 228, 13 L.E.2d at 148.

■ All four police officers involved in the incident were familiar with defendant's car which was first seen in a parking lot with the back end heavily weighted by what appeared to be a safe. Although, as argued, it is not a crime to carry a safe in an automobile, we believe there were sufficient facts available to the officer at the moment of arrest which would "warrant a man of reasonable caution in the belief" that an indictable public offense had been committed by defendant. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555, 39 A.L.R. 790.

Defendant with a known record of previous convictions was in possession of a safe at midnight, when confronted by police making an inquiry as to what he had in the car trunk, offered to bet the officers there was nothing and invited them to look.

We hold defendant's arrest was constitutionally valid.

■ III. Defendant's complaint about the officer's ordering his car impounded and towed to the garage is without merit. It was an instrumentality used in committing the crime—transporting the safe taken as the result of a larceny. The State was entitled to deprive defendant of its possession. See State v. Anderson, 260 Iowa 122, 148 N.W.2d 414, 418. See also Annotation, 19 A.L.R.3d 727, 769–770.

If the automobile had been left on the streets of the state's second largest city, it might reasonably have interfered with traffic and been dangerous. We believe the police exercised good judgment in causing it to be towed to the police station.

Rather than proceeding to search the car, they sought a search warrant from a judicial officer with commendable speed. See Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436, 440.

■ The evidence obtained under a validly issued search warrant was not seized in violation of defendant's constitutional rights and was admissible on his trial.

The trial court's action in overruling defendant's motion for suppression was correct. The judgment is

Affirmed.

All Justices concur.