**STATE of Iowa, Appellee,**

v.

**Francis M. EVANS and Gene Allen Knudtson, Appellants.**

**No. 54435.**

Supreme Court of Iowa.

Jan. 14, 1972.

Paul H. Kinion, and John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and John W. Shafer, County Atty., for appellee.

MOORE, Chief Justice.

Defendants, Gene A. Knudtson and Francis M. Evans, were jointly charged, tried and convicted of the crime of breaking and entering in violation of Code section 708.8. Each was sentenced to serve a term not to exceed ten years in the Anamosa reformatory. They have jointly appealed and assign the same two errors. We affirm as to each defendant.

 Defendants first assert the trial court erred in overruling their motion to suppress evidence regarding items of clothing taken from them after their warrantless arrest.

The thrust of their contention is that their rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated. They argue their warrantless arrest was without probable cause and therefore evidence obtained incident thereto was obtained by an unreasonable search and seizure.

I. A search without a warrant is, within limits, permissible if incident to a lawful arrest. However such an arrest to support an incidental search must be made with probable cause. Henry v. United States,

361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134, 138, 139.

II. The rules involving probable cause for arrest without warrant and searches incident thereto have, after review of numerous state and federal authorities, been announced in many of our recent cases. State v. Post, 255 Iowa 573, 123 N.W.2d 11; State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444; State v. Brown, 261 Iowa 656, 155 N.W.2d 416; State v. Vallier, Iowa, 159 N.W.2d 406; State v. Ricehill, Iowa, 1970, 178 N.W.2d 288.

In State v. King, Iowa, 191 N.W.2d 650, 653, filed November 11, 1971, we recognize the well established rule by this quote from Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327, 332:

" 'In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, supra, 338 U.S. [160] at page 175, 69 S.Ct. [1302] at page 1310. Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555, 39 A. L.R. 790."

For a recent thorough analysis of authorities from other jurisdictions see 24 Vand.L.Rev. 317, "Probable Cause to Arrest". The author's observations include "flight is frequently acknowledged as a factor properly considered in determining whether the known data reached the level of probable cause". Page 326.

III. Code section 755.4 provides a peace officer may make an arrest without a warrant where a public offense has been committed and the officer has reasonable grounds for believing the person to be arrested committed it. The record clearly shows a breaking and entering had been committed. The narrow question raised by defendants here is whether the arresting officers had probable cause to believe defendants committed the offense.

IV. The probable cause issue must necessarily be resolved upon the particular facts in each case. Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441, 450; Jackson v. United States, 8 Cir., 408 F.2d 1165, 1171.

About midnight November 1, 1970 Waukon police officer Darrell Stone noticed an out of county car which he had not seen around town before. It was parked near the bowling alley. He again saw the car at 1:15 a. m. and wrote down the license number 57-42941. It was a gray 1960 Pontiac. Between 2:00 and 2:15 a. m. while making his rounds Stone saw the same car parked alongside the loading door of the Super Valu store. He then saw it driven away and observed the two male occupants, one of whom had a dark beard. After following the Pontiac for several blocks Stone returned to the store and found the door had been broken open and the safe "peeled". He immediately reported his information by radio to all law enforcement agencies in the area.

Ronald Makin, an agent with the Iowa Bureau of Criminal Investigation, on receiving the Waukon break-in report immediately started to drive from his Oelwein home to Waukon. En route he received an Allamakee County Sheriff's radio message that the vehicle believed used in the Waukon breaking and entering was parked behind the Winneshiek Hotel in Decorah. Decorah is approximately 20 miles west of Waukon. He also heard a police radio report that possibly one of the persons involved in the breaking and entering was Gene Knudtson. Makin knew Knudtson and was aware of his criminal record. Makin drove to Decorah and learned from officers at a roadblock the car behind the

hotel had license plates matching the number reported by officer Stone. He also learned two male subjects had checked into the Winneshiek Hotel but had later run away. Makin then went to the hotel and to room 105 which had been rented by the two men. They had not registered by their true names. Outside the room window he observed a scattering of change on an adjacent roof. It appeared the money had been thrown from the window.

Shortly thereafter a police radio report, based on an anonymous phone call to the Waukon Sheriff's office, was broadcast that the two men sought for the breaking and entering were at the Freeport trailer court, a short distance outside Decorah. Makin, Garland Morse, an Iowa Highway Patrolman, Al Etteldorf, Jr., Decorah Assistant Police Chief, and Deputy Sheriff Mel Lee, converged upon the trailer court. The officers had a general physical description of the two subjects wanted in connection with the Waukon break-in.

The officers observed a light in a trailer owned by a Scotty Stevens, an acquaintance of Patrolman Morse. While observing the trailer a tall man with dark hair and beard came close to the window and looked out. Morse knew that man did not live there. The four officers then entered the trailer where they found Knudtson and Evans. Knudtson was unable to produce any identification.

The four law officers arrested defendants and took them to the Decorah police station. There defendants' clothing was taken from them and other garments furnished. FBI tests of defendants' clothing disclosed particles of material from the "peeled" safe.

On trial after Officer Stone had testified the court excused the jury and heard testimony from the four arresting officers on the question of probable cause for arrest which defendants had raised in a motion to suppress any evidence concerning their clothing and materials found therein.

We have already set out the substance of the four officers' testimony.

After carefully reviewing the record the trial court overruled and denied defendants' motion to suppress and trial before the jury was resumed.

Defendants rely heavily on the holding in Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L. Ed.2d 306 (1971) which we find is clearly factually distinguishable from the case at bar. There the arrest was made on the word of an unnamed informer that defendant and another person had broken into a building.

Our review of the facts and circumstances gives us no difficulty in upholding the trial court's determination that probable cause for arrest existed here. The trial court was correct in overruling defendants' motion to suppress.

◼ V. The State has argued defendants failed to preserve the question of illegal search and seizure by their failure to object when the clothing and the results of the tests thereof were introduced into evidence. Under the record that contention is untenable. The trial court had been timely and well advised of defendants' objection and had ruled adversely to defendants.

Objections to the introduction of evidence are addressed to the court and not to the jury. It is sufficient if the objection calls the trial court's attention to the claimed inadmissibility or incompetency involved. An objection may and often should be made in chambers to avoid prejudice. Reversible error may result if an attorney is compelled to make his objection in the jury's presence. Repeated objections need not be made to the same type of proof. Lessenhop v. Norton, 261 Iowa 44, 53, 55, 153 N.W.2d 107, 112, 113 and citations.

◼ VI. Defendants' second assigned error is that the taking of their clothing at

the Decorah police station was too remote to be a lawful search and seizure incident to arrest. This issue was not raised in the motion to suppress or at any other time before the trial court. It is raised for the first time on this appeal.

We have consistently held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Conrad, Iowa, 191 N.W.2d 648, 649, filed November 11, 1971; State v. Franklin, Iowa, 163 N.W.2d 437, 441; State v. Allnutt, Iowa, 158 N.W.2d 715, 717; State v. Everett, Iowa, 157 N.W.2d 144, 148.

We decline to consider defendants' second assigned error but must observe the officers could hardly be expected to remove defendants' clothing before reaching the nearby Decorah police station.

We find no reversible error.

Affirmed.

All Justices concur except HARRIS, J., who takes no part.