STATE of Iowa, Appellee,

v.

Nelson Burtness MORRIS, Appellant.

No. 56662.

Supreme Court of Iowa.

March 19, 1975.

Warren C. Johnson, Clinton, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., G. Wylie Pillers, III, County Atty., and John W. Ackerman, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON, and HARRIS, JJ.

RAWLINGS, Justice.

Defendant, Nelson Burtness Morris, appeals from judgment on jury verdict finding him guilty of illegally possessing marijuana, Section 204.401(3), The Code 1973. We affirm.

The factual background will be later set forth as it relates to these assigned errors: Trial court erred in overruling defendant's (1) pretrial motion to suppress evidence; (2) mistrial motion made during voir dire of the jury; (3) directed verdict motions; and (4) request for a jury instruction giving the statutory definition of marijuana.

These issues will be considered in the order presented.

I. The question first posed is whether trial court erred in overruling defendant's pretrial motion to suppress evidence consisting of contraband taken from him in course of a police station search of his person. Defendant's contention in this regard is twofold: (1) no probable cause supported his warrantless arrest and (2) even if such probable cause existed, the instant search was not conducted in order to discover evidence of the crime for which arrest was made or to remove dangerous weapons from his control.

A warrantless search of the person is permissible, within limits, if effected pursuant to a lawful arrest. But for the arrest to justify a related search it must be based upon probable cause. See United States v. Robinson, 414 U.S. 218, 235–236, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973); Gustafson v. Florida, 414 U.S. 260, 262–266, 94 S.Ct. 488, 491–492, 38 L.Ed.2d 456 (1973); Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); United States v. Clay, 495 F.2d 700, 704 (7th Cir. 1974); Sullivan v. Murphy, 156 U.S.App. D.C. 28, 478 F.2d 938, 965 (1973); State v. Evans, 193 N.W.2d 515, 516–517 (Iowa 1972).

And probable cause is said to exist where " 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959). See also State v. Evans, 193 N.W.2d at 517; State v. King, 191 N.W.2d 650, 653 (Iowa 1971); State v. Ricehill, 178 N.W.2d 288, 291 (Iowa 1970), cert. denied 401 U.S. 942, 91 S.Ct. 945, 28 L.Ed.2d 222 (1971).

Turning now to the record, Duane Gray, an on-duty officer with the Clinton Police Force, received a telephone call the early evening hours of February 15, 1973, reporting a neighborhood disturbance in the 500 block of Second Avenue South. He and another officer went to the scene. Gray testified: "When I first encountered the subject his clothing was in disarray and his hair was messed up, it was not combed." "[T]he subject's eyes were extremely bloodshot and glassy in appearance." "[H]e seemed to be having some sort of difficulty, he was weaving and as I watched he staggered and fell to the sidewalk and he appeared to have some difficulty getting to his feet." Gray opined defendant was intoxicated. The subject was arrested and

promptly taken to the Clinton Law Enforcement Center. There a search of defendant's person resulted in seizure of some marijuana found in his left breast pocket. It is evident the warrantless arrest was supported by probable cause. Therefore the "station house search" was reasonable as incident to a lawful arrest. See State v. Salazar, 213 N.W.2d 490, 492 (Iowa 1973), and citations; People v. Dixon, 45 Mich. App. 64, 205 N.W.2d 852, 856 (1973); State v. Mabra, 61 Wis.2d 613, 213 N.W.2d 545, 550–551 (1974); cf. Cupp v. Murphy, 412 U.S. 291, 93 S.Ct. 2000, 2003–2004, 36 L.Ed.2d 900 (1973); State v. Ricehill, 178 N.W.2d at 290–293.

Trial court did not err in overruling defendant's suppression motion.

II. The record further discloses that during voir dire of the jury a prospective juror was asked by the prosecutor: "Are you aware that the judge has the option to suspend the penalty?"

Thereupon defense counsel stated: "I object to that as being improper, and I move for a mistrial." The objection was sustained but the mistrial motion was overruled and the presiding judge admonished the assistant county attorney to "leave the subject of penalties alone."

Defendant here takes the position the aforesaid voir dire inquiry served, in effect, to deny him a fair trial.

█ In passing on a mistrial motion predicated on alleged prosecutorial misconduct trial courts are vested with considerable, though not unlimited, discretion. See State v. Vickroy, 205 N.W.2d 748, 750 (Iowa 1973); State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972).

So our primary concern is whether there was an abuse of discretion by trial court in overruling defendant's motion for mistrial.

With regard to conduct of a prosecuting attorney we have said:

"* * * [he] should use his best efforts to represent the state, vigorously and forcefully, in presenting its case

within the bounds of proper legal procedure. He owes a second duty, of no less importance, to see that the accused has a fair trial. He is an officer of the court and must observe the requirements of due process of law." State v. Tolson, 248 Iowa 733, 734, 82 N.W.2d 105, 107 (1957).

See also State v. Levy, 160 N.W.2d 460, 467 (Iowa 1968).

█ Without question, the assistant county attorney's inquiry went beyond accepted prosecutorial standards of conduct. The question asked was nothing less than a subtle attempt to plant in the minds of prospective jurors the thought that a guilty verdict would result in a suspended sentence. Such conduct has been uniformly condemned. See ABA Standards, The Prosecution Function and The Defense Function, § 5.3(c), and commentary at 117 (Approved Draft 1971); 75 Am.Jur.2d, Trial, § 889; Annot., 8 A.L.R.2d 1001.

We are not persuaded, however, the isolated reference to a mere possible suspended sentence, though improper, mandates a reversal. See State v. Hinsey, 200 N.W.2d 810, 818 (Iowa 1972); State v. Compiano, 261 Iowa 509, 521, 154 N.W.2d 845 (1967).

Trial court committed no reversible error in overruling defendant's mistrial motion.

III. At close of the State's case and again on submission of all evidence, defendant moved for a directed verdict on claimed insufficiency of the evidence, discussed *infra*. Both motions were overruled and defendant assigns these rulings as error.

Code § 204.101(16) says:

"'Marijuana' means all parts of the plant Cannabis sativa L., whether growing or not, its seeds, the resin extracted from any part of the plant, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. *It does not include the mature stalks of the plant*, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other com-

pound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination." (emphasis supplied).

■ Based on the foregoing definition defendant claims the State failed to show plant material seized from him was not such part of the Cannabis plant exempted or excepted by the statute, i. e., "mature stalks of the plant."

More particularly, defendant argues proof at trial was only to the effect the substance found in his possession was marijuana. In this regard chemist Stephen C. Eck, employed by the Iowa Criminalistic Laboratory as a drug content analyst, testified: "I put it [the substance] under a microscope and examined it for cystolith hair, which is characteristic of the marijuana plant. I subsequently conducted the Duquenois-Levine test, a chemical color test, one with thin layer chromotography, and on these tests proved positive for marijuana. * * * The matter was found to be marijuana."

No other evidence was offered further identifying the substance by its true botanical name or describing the chemical breakdown or grouping of the substance.

But Code § 204.507(1) provides:

"It is not necessary for the state to negate any exemption or exception set forth in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this chapter. The proof of entitlement to any exemption or exception by the person claiming its benefit shall be a valid defense."

Focusing upon a similar enactment the court said in People v. Hudson, 130 Ill. App.2d 1033, 266 N.E.2d 481, 486 (1971), rev'd on other grounds, 50 Ill.2d 1, 276 N.E.2d 345 (1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972):

"The language of this statute [Ill.Rev. Stat. (1965), ch. 38, § 22–44] is clear and unequivocal. It places a definite burden upon the defendant to prove the applicability of any exception contained in our Uniform Narcotic Drug Act. No burden is put upon the State, with respect to an exception, until such time as the defendant introduces evidence to show that an exception is applicable."

See also State v. Lynch, 197 N.W.2d 186, 190–191 (Iowa 1972); People v. Schulz, 1 Ill.App.3d 212, 273 N.E.2d 736, 738 (1971); People v. White, 27 Mich.App. 432, 183 N.W.2d 606, 608 (1971).

Since defendant failed to produce evidence as to any statutory exemption or exception, his instant contention is without merit.

But we need not rest our decision on the foregoing determination alone. The substance was identified as marijuana, also known as Cannabis sativa L. See Cassady v. Wheeler, 224 N.W.2d 649, 651–655 (Iowa 1974).

■ As previously disclosed, the legislature has defined Cannabis as all parts of the plant Sativa L except mature stalks and certain derivative products. See Code § 204.101(16), quoted *supra*. Therefore, when the State proved the substance possessed by defendant was marijuana, implicit therein was reference to only that part of the plant defined as Cannabis, the possession of which is illegal. No reference, either express or implied, could be said to have been made to any part of the Cannabis plant exempted or excepted by law. See State v. Boose, 202 N.W.2d 368, 369 (Iowa 1972); State v. Page, 395 S.W.2d 146, 148–149 (Mo.1965). See generally Allen v. State, 120 Ga.App. 533, 171 S.E.2d 380, 382 (1969).

■ Defendant further contends the evidence was insufficient to identify the plant substance as marijuana since the State's expert was not qualified to express an opinion thereon. This contention may be sum-

marily resolved. The record reveals defendant's trial objections to the expert's testimony were grounded upon incompetency, irrelevancy, immateriality and lack of proper foundation. The incompetent, irrelevant and immaterial objections lack sufficient specificity except as to relevancy and materiality. See State v. Raue, 214 N.W.2d 162, 163 (Iowa 1974). Unquestionably, the proffered evidence, here challenged, was relevant and material. Furthermore, the absence of proper foundation objection was so devoid of specificity as to be of no force or effect. See State v. Buckner, 214 N.W.2d 164, 167 (Iowa 1974).

This assignment is also devoid of merit.

IV. Defendant finally asserts error in the overruling of his objection to jury instructions given, absent a statutory definition of marijuana, and refusal of a request for an instruction containing such definitional phraseology.

The jury was in relevant part told:

"Before you can find the Defendant, Nelson Burtness Morris, guilty of Possession of Marijuana you must find from the evidence that the following propositions are proven beyond a reasonable doubt:

"1.) That the Defendant did possess Marijuana;

"2.) That the Defendant knew the substance which he possessed was Marijuana;

"3.) That this took place on or about the 14th day of February, 1973;

"4.) That this took place in Clinton County, Iowa.

"If you do not find all of the above four propositions to be proven beyond a reasonable doubt then your verdict should be 'not guilty', but if the State has established all of said propositions by the evidence beyond a reasonable doubt, then your verdict should be 'guilty'."

A review of the record discloses no evidence was introduced upon which trial court could have properly instructed the jury regarding any portion of Cannabis exempted or excepted by statute. See State v. Lamar, 210 N.W.2d 600, 605–606 (Iowa 1973).

Trial court did not err in overruling defendant's objection to instructions given based on absence of statutory definition of marijuana, or in refusing his requested instruction.

Affirmed.