STATE of Iowa, Appellee,

v.

**Leland Dale WEBB, Appellant.**

No. 58516.

Supreme Court of Iowa.

July 30, 1976.

Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., John W. Criswell, County Atty., and David M. Dryer, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This appeal from sentence following defendant's conviction of forcible rape in violation of § 698.1, The Code, raises but a single issue concerning alleged prosecutorial misconduct. We affirm.

During a trial recess, defense counsel was overheard conversing with Kenneth Fees, a defense witness, concerning what had appeared in a newspaper article about the rape for which defendant was on trial. In that conversation Fees related to counsel that, upon reading the newspaper account, his wife said to him, "Do you suppose this is Leland [the defendant]?"

This information was passed along to the county attorney. When Fees testified, the county attorney asked him on cross-examination about that conversation. It is apparent that Fees, at best, equivocated. The State claims he lied. The prosecutor then pushed ahead in this fashion:

"Q. What did your wife say when she showed you the paper? The thing that you told the defense counsel earlier this morning out in the hall? What did your wife say to you?

"A. She said, just showed it to me, and said, here is where a couple of girls got raped last night.

"Q. Keep going.

"A. We was trying just to place where it was at.

"Q. What did you say? Was the name of Leland Dale Webb mentioned?

"A. Huh?

"Q. Was the name of Leland Webb mentioned?

"A. I don't remember.

"Q. What did you just get through saying to the attorney out in the hall just before the trial and he told you 'We don't want you to say that in here.'?"

At this point defendant's attorney moved for a mistrial on the ground defendant had been prejudiced and could not have a fair trial because of the county attorney's "outburst" suggesting counsel had "managed" his witness. The motion was overruled, and the propriety of that ruling is here for review.

Evidence concerning what Mrs. Fees told her husband was, of course, hearsay. It was clearly inadmissible except for impeachment purposes, which was the basis upon which the trial court let it in. We doubt if testimony on such a collateral matter qualifies as impeachment testimony. *State v. Crawford,* 202 N.W.2d 99, 103–105 (Iowa 1972); *Wheatley v. Heideman,* 251 Iowa 695, 709, 102 N.W.2d 343, 352 (1960). Be that as it may, we consider only the question raised by defendant—prosecutorial misconduct.

■ Prosecutors have a dual function. They must prosecute with vigor and diligence, and, at the same time, be alert to assure the defendant a fair trial. *State v. Morris,* 227 N.W.2d 150, 153 (Iowa 1975). It is not always easy to strike a proper balance between the two. The duty to see the latter is protected without undue interference with the former rests originally in the sound discretion of the trial court. *State v. Morris, supra,* 227 N.W.2d at 153; *State v. Vickroy,* 205 N.W.2d 748, 750 (Iowa 1973).

Assuming the county attorney's conduct improperly ascribed base motives to defense counsel, we find the trial court did not abuse its discretion in denying defendant's motion for new trial.

■ Lawyers should avoid making statements before a jury which tend to prejudice a defendant's right to a fair trial. This is particularly true when one lawyer undertakes to accuse another of unethical conduct. *See Critcher v. Fick,* 315 S.W.2d 421, 427 (Mo.1958); *People v. McCracken,* 39 Cal.2d 336, 246 P.2d 913, 920 (1952); *Garrett v. State,* 74 Okl.Cr. 78, 123 P.2d 283, 287 (1942).

■ However, it is not a prosecutor's misconduct which entitles defendant to a new trial; it is the prejudice which results therefrom and which prevents the trial from being a fair one. *See State v. Hall,* 235 N.W.2d 702, 712 (Iowa 1975); *State v. Emery,* 230 N.W.2d 521, 525 (1975); *State v. Morris, supra,* 227 N.W.2d at 153; *State v. Hansen,* 225 N.W.2d 343, 348 (Iowa 1975).

Ordinarily a finding of prejudice results from *persistent* efforts to inject prejudicial matter before the jury. *See State v. Johnson,* 222 N.W.2d 483, 488 (Iowa 1974); *State v. Levy,* 160 N.W.2d 460, 468 (Iowa 1968); *State v. Tolson,* 248 Iowa 733, 735–736, 82 N.W.2d 105, 106–107 (1957). Of course, prejudice may result from isolated prosecutorial misconduct, but we find it did not do so here.

■ We have carefully reviewed the whole record. Evidence of defendant's guilt was strong. We may take this into account when considering the prejudicial effect of the incident. *State v. Kelsey,* 201 N.W.2d 921, 927 (Iowa 1972); *People v. McCracken, supra,* 246 P.2d at 920. We hold defendant was not deprived of a fair trial. The trial court properly overruled his motion for mistrial.

The judgment is affirmed.

AFFIRMED.