STATE of Iowa, Plaintiff-Appellee,

v.

Sharon Kay CUEVAS,
Defendant-Appellant.

No. 66410.

Court of Appeals of Iowa.

May 25, 1982.

Francis C. Hoyt, Jr., Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and M. J. Blink, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C. J., and DONIELSON and JOHNSON, JJ.

JOHNSON, Judge.

Defendant, Sharon Kay Cuevas, appeals from her conviction of second degree theft in violation of sections 714.1(1) and 714.2(2), The Code, 1979. She asserts that trial court's acceptance of the complaining witness's deposition at trial was in violation of her constitutional right to confront witnesses against her and entitles her to a new trial. We reverse and remand for a new trial.

On September 2, 1980, defendant was charged by county attorney's information with theft in the second degree in violation of sections 714.1(1) and 714.2(2), The Code. A jury trial commenced on January 19, 1981, wherein the state offered into evidence the deposition of the victim. Trial court admitted the deposition into evidence on the grounds that Iowa R.Civ.P. 144(c), which allows use of depositions if the defendant is out of state, is applicable to criminal actions on the basis of Iowa R.Crim.P. 20(1). The jury returned a guilty verdict and defendant thereafter filed a motion for new trial, alleging, inter alia, the grounds urged on appeal. Trial court overruled defendant's motion and sentenced her to be imprisoned for a period not to exceed five years. From her conviction defendant appeals.

**I. Scope of Review.** Generally, our review of criminal proceedings is at law for correction of errors only, and not de novo. Iowa R.App.P. 4. However, on issues concerning violation of constitutional safeguards, this court is obliged to make an independent evaluation of the totality of the relevant circumstances shown by the record under which the ruling on those constitutional rights was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975).

**II. Discussion.** Defendant argues that use of the victim's deposition at trial, in lieu of appearance by the victim, without the necessary showing of the witness's "unavailability" as required by the United States Supreme Court, violates her constitutional right to confront witnesses against her. The State argues that defendant waived her right to confrontation in the stipulation contained in the deposition. We find no waiver and agree with defendant's analysis that her right to confrontation was violated.

**A. Waiver.** The stipulation set forth in the deposition was as follows:

MISS GAZZO: This was a stipulation entered into:

It is hereby stipulated and agreed by and between the parties hereto that the deposition of James E. Warren shall be taken at this time and place, the defendant being present in person and represented by her attorney, Maggi Moss Flynn; and appearing in behalf of the state, Jeanine Gazzo; that all formal notice of the taking of said deposition is hereby waived; that any and all of said deposition may be used in the above-entitled cause; that said deposition is taken pursuant to the Iowa Rules of Criminal Procedure now in effect; that all objections or exceptions may be reserved until time of trial, except objections and exceptions as to the form of the questions and the responsiveness of the answers.

The state has the burden to prove, by a preponderance of the evidence, that defendant has waived a constitutional right. *State v. Hahn*, 259 N.W.2d 753, 758 (Iowa 1977). We do not believe that the stipulation, set forth above, sufficiently proves waiver of defendant's sixth amendment right to confront witnesses against her. The statement, "any and all of said deposition may be used in the above-entitled cause ...[,]" must be read in conjunction with the following phrase, "that all objections or exceptions may be reserved until time of trial ...." We believe this lan-

guage merely expresses what is already provided for by our rules of evidence. The words do not go further and state that the deposition may be introduced in contravention of the rules of evidence or in violation of defendant's constitutional rights. The statement that the "deposition is taken pursuant to the Iowa Rules of Criminal Procedure now in effect" does not address the rules governing admissibility of the deposition into evidence at time of trial. We thus conclude that the state has failed to prove defendant's waiver of her constitutional right to confront the witnesses against her.

**B. Unavailability.** Defendant argues that the state has failed to show that its witness was "unavailable" for trial within the meaning of the rule set forth in *Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968), and that trial court thus erred in admitting the deposition into evidence. The State argues as follows: that Iowa R.Civ.P. 144(c) allows admission of the deposition into evidence when there is a showing that the deponent is out of state; that Iowa R.Civ.P. 144(c) is made applicable to criminal proceedings by virtue of Iowa R.Crim.P. 20(1); and that, since the deponent was out of the state at the time of trial, the deposition was admissible.

Rule of Civil Procedure 144 states in pertinent part:

> **Use of depositions.** Any part of a deposition, so far as admissible under the rules of evidence, may be used upon the trial or at an interlocutory hearing or upon the hearing of a motion in the same action against any party who appeared when it was taken, or stipulated therefor, or had due notice thereof, either:
>
> \*     \*     \*     \*     \*     \*
>
> (c) For any purpose, if the court finds that the offeror was unable to procure deponent's presence at the trial by subpoena; *or that deponent is out of the state or more than one hundred miles distant from the trial, and such absence*

*was not procured by the offeror;* or that deponent is dead, or unable to testify because of age, illness, infirmity or imprisonment. (emphasis added)

Rule of Criminal Procedure 20(1) states:

> **Rules.** The rules of evidence prescribed in civil procedure shall apply to criminal proceedings as far as applicable and not inconsistent with the provisions of statutes and these rules.

We do not believe that rule 144(c), as interpreted by the State, complies with the United States Supreme Court's holding in *Barber*. The Court therein stated:

> Many years ago this Court stated that "[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or ex parte affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Mattox v. United States*, 156 U.S. 237, 242–243, 15 S.Ct. 337 [339–340], 39 L.Ed. 409, 411 (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065 [1068], 13 L.Ed.2d 923, 927 (1965). See also *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).
>
> It is true that there has traditionally been an exception to the confrontation

requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. E.g., *Mattox v. United States*, supra (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence §§ 1395–1396, 1402 (3d ed 1940); C. McCormick, Evidence §§ 231, 234 (1954).

390 U.S. at 721–22, 88 S.Ct. at 1320, 20 L.Ed.2d at 258.

> In short, a witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.

390 U.S. at 724–25, 88 S.Ct. at 1322, 20 L.Ed.2d at 260.

■ We conclude that rule 144(c) must be interpreted in light of the mandate in *Barber*; that is, in addition to showing that the deponent was "out of state or more than one hundred miles distant from the trial", the state must also show "a good faith effort to obtain his presence at trial". *Id.* No such showing was made in this case. The State merely relied upon the deponent's absence from the state as sufficient grounds for "unavailability". We thus find admission of the deposition into evidence constitutes error and remand this case for new trial.

REVERSED AND REMANDED FOR NEW TRIAL.

DONIELSON, Judge (dissenting).

I respectfully dissent.

The stipulation entered prior to the deposition of James E. Warren specifically stated "that any and all of said deposition may be used in the above titled cause." The stipulation at issue here is a very common prelude to the taking of a deposition and was agreed to by defendant's attorney when the deposition was taken. In light of this stipulation, the State was only required to show the witness was unavailable; the State was not required to make a good faith effort to obtain the presence of the witness at trial. At the time of trial Mr. Warren was in Stanford, Connecticut. I would give the State the benefit of the stipulation and affirm the trial court.

CARTER, J., joins this dissent.