STATE of Iowa, Plaintiff-Appellee,

v.

Joey Maurice TATE, Defendant-Appellant.

No. 68760.

Court of Appeals of Iowa.

Sept. 27, 1983.

Faith O'Reilly and Patrick R. Grady, Asst. Appellate Defenders, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Teresa Baustian, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals his conviction for third degree theft in violation of Iowa Code section 714.1 (1981). We reverse and remand for a new trial.

Defendant was accused of taking two pairs of pants from a clothing store. A store customer testified that defendant entered a dressing room carrying a flat vinyl zippered bag and emerged with the bag bulging at the sides. A salesman testified that after being informed of a possible theft, he stopped defendant and asked to look in the bag. Defendant then allegedly walked back to the dressing room, returned the pants, and ran out of the store. However, defendant testified that when stopped by the salesman he remembered he had left the pants in the dressing room and so he went back to show the salesman where they were. He admitted running out of the store, but explained that he did so only when the salesman started to call the police.

At trial the vinyl bag was admitted into evidence. It contained a paperback book entitled *Satan is Alive and Well on Planet Earth*. A police officer testified that he talked with defendant about the book at the police station and that defendant said he had read the book, liked it, and considered it to be truthful. The officer testified that when he asked defendant if he was a student of the "end times," defendant indicated that he probably was.

Defense counsel did not object to this testimony but did attempt to have defendant explain what he considered the book to be about. The court sustained the State's objection on the grounds that the contents of the book were irrelevant. However, since the book had been admitted into evidence, the court allowed the jury to have it during deliberations. The pages have been underlined in many places and certain passages have been marked with colorful foil stars.

Defendant asserts that the trial court erred in refusing to allow him to comment on his statements concerning the book and that his trial counsel was ineffective in failing to object to testimony of the police officer and the introduction of the book into evidence.

Where the defendant claims violation of basic constitutional safeguards, we make an independent evaluation of the totality of the circumstances. This is the equivalent of **de novo** review. *State v. Cullison*, 227 N.W.2d 121, 126–27 (Iowa 1975).

I.

We agree with the defendant that it was reversible error for the court to prevent him from commenting on the book. Where the State opens the door by presenting evidence unfavorable to the defendant, opportunity must be given to the defendant to comment upon, explain, or rebut the evidence. *State v. Milliken*, 204 N.W.2d 594, 597–98 (Iowa 1973); *State v. Knox*, 236 Iowa 499, 518–19, 18 N.W.2d 716, 725 (1945). The title of the book in question, which was designed to attract the attention of a bookstore browser, does not reveal whether the book promotes or opposes satanic worship. Therefore, when the police officer testified that defendant liked and agreed with the book, the jury may

very well have concluded that defendant was a Satan worshipper. This would obviously be highly prejudicial to his case. If the defendant had been given the opportunity to offer an explanation, any misunderstanding or prejudice could have easily been cleared up. The book in question was written by a contemporary Christian author. It discusses the author's beliefs about the evidence of Satan's influence in society and the way in which it can be eliminated. While the book is about satanism in one sense, it certainly does not promote Satan worship. After reading the book, we find there is an apparent ambiguity in the title in relation to the contents. Defendant should have been allowed to resolve this ambiguity and to explain what he meant when he said he liked the book and believed it to be truthful. Since he was denied this opportunity, we find defendant was denied a fair trial.

## II.

We do not address defendant's alternative contention that trial counsel was ineffective. Although counsel did not object to the introduction of the book or to the testimony concerning it, she did attempt to eliminate the prejudice to her client which resulted. Unfortunately, she was prevented from doing so.

 We do take this opportunity, however, to remind the prosecuting attorney that he is also under a duty to ensure that the defendant receives a fair trial; his job is not just to secure convictions. *State v. Webb*, 244 N.W.2d 332, 333 (Iowa 1976). The prejudice to the defendant should have been obvious to the prosecutor in this case. We question his decision to use the book at trial for any purpose. Assuming, however, that the book was relevant to connect the defendant with the vinyl bag, its prejudicial effect could have been eliminated or at least minimized by a simple request for an admonition, agreed to by both sides, from the court to the jury that the book did not advocate satanic worship but was instead written by a noted religious author. Had the prosecutor used common sense and dis-

cretion in talking about the book, additional time, effort, resources and expense in this appeal and new trial would have been conserved. Certainly once the book was before the jury the prosecutor should have been more sensitive to the prejudicial way this case was tried.

REVERSED AND REMANDED FOR NEW TRIAL.