**STATE of Iowa, Plaintiff-Appellee,**

v.

**Robert Reed WILLIAMS, Defendant-Appellant.**

No. 84–805.

Court of Appeals of Iowa.

Feb. 26, 1985.

C. Bradley Price of DeVries & Scoles, Mason City, Iowa, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Assistant Attorney General, for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN, and SACKETT, JJ., but considered en banc.

HAYDEN, Judge.

Defendant appeals from his conviction for operating a motor vehicle while intoxicated in violation of Iowa Code section 321.-281 (1983).

At defendant's jury trial a police officer testified that on the night of his arrest defendant refused to take a breath test. On cross-examination the officer was prevented from testifying that defendant had offered to take a blood or urine test. In his case-in-chief defendant attempted to testify that he repeatedly offered to take a blood or urine test, but refused a breath test because of doubts as to its reliability. An expert witness testifying on defendant's behalf was not allowed to give an opinion that the blood test is a more reliable indication of the blood alcohol level than is a breath test.

On appeal defendant challenges the exclusion of this evidence and in addition argues that he was denied due process of law because Iowa Code section 321B.4(2) did not allow him to choose the test which could later be used against him.

Our review of criminal proceedings is ordinarily on assigned error. We make an independent evaluation of the totality of the circumstances, however, on issues involving the violation of basic constitutional guarantees. *State v. Cuevas*, 322 N.W.2d 910, 911 (Iowa Ct.App.1982).

I. *Exclusion of Evidence.* It is within the trial court's discretion to admit or exclude evidence. *State v. Ellis*, 350 N.W.2d 178, 180 (Iowa 1984). We will only interfere if there has been an abuse of that discretion.

In the present case, the trial court excluded the evidence concerning defendant's offer to take other tests, his reason for refusing a breath test, and an expert opinion on the relative reliability of each test on the ground that it was irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R.Evid. 401. Irrelevant evidence is not admissible. Iowa R.Evid. 402. Evidence may be relevant for one purpose but not for another.

Defendant concedes that he refused to take a breath test and that this refusal is admissible as a matter of law. *See* Iowa Code § 321B.29.[1] Defendant does *not* argue that the excluded evidence is relevant to show that his refusal was excused or that the implied consent law should not apply in this situation. For this reason cases cited in the State's brief are distinguishable. *See e.g., Morgan v. Iowa Department of Public Safety*, 227 N.W.2d 155, 156–57 (Iowa 1975) (defendant's refusal to submit to blood test at one hospital for personal reason but willingness to undergo it at another hospital constituted a refusal for purposes of the implied consent law); *Janson v. Fulton*, 162 N.W.2d 438, 439–41 (Iowa 1968) (defendant's refusal to submit to a urine test not excused by his belief that the container furnished him was contaminated). Defendant does contend, however, that the evidence was relevant to rebut the inference that his refusal to take a breath test was due to his fear that the results would show he was intoxicated.

Although closing arguments in this case were not reported, it is clear from the record made at the hearing on defendant's motion for a new trial that the State argued that the inference to be drawn by the jury was that defendant refused the breath test because he was afraid of the result. Furthermore, the jury was instructed as follows:

Testimony has been received to the effect that it was suggested to the defendant or requested by a peace officer that the defendant submit to analysis of a breath sample and that it was declined by the defendant.

You are instructed that there is no law requiring any person to submit to such analysis. However, the defendant's refusal, if any, to submit to such a test may be considered by you, together with all other facts and circumstances, in determining whether the defendant was or was not under the influence at the time in question.

The natural inference for the jury to draw was that defendant refused the test because he was intoxicated.

We find this case to be similar to *State v. Tate*, 341 N.W.2d 63 (Iowa Ct.App.1983). In *Tate* at defendant's trial for theft a paperback book entitled *Satan is Alive and Well on Planet Earth* was contained in a vinyl bag admitted into evidence. A police officer testified that he talked with defendant about the book and defendant stated he liked the book and agreed with it. *Id.* at 64. When defendant attempted to explain what he considered the book to be about the trial court sustained the State's relevancy objection. *Id.* The jury was not permitted to hear whether the book advocated or opposed satanic worship. We held

1. Iowa Code section 321B.4(2) provides, "The peace officer shall determine which of the four substances, breath, blood, saliva, or urine, shall be tested." We do *not* imply by our holding in this case that defendant has the right to choose which test shall be admitted.

that the defendant in that case was denied a fair trial. *Id.* at 65. We stated, "Where the State opens the door by presenting evidence unfavorable to the defendant, opportunity must be given to the defendant to comment upon, explain, or rebut the evidence." *Id.* at 64.

■ In this case the State introduced defendant's failure to consent to a breath test. The jury was instructed that it could consider that evidence in deciding the issue of intoxication. Defendant was not permitted to present evidence that he was willing to take other tests which he considered to be more accurate and was not allowed to show that his opinion about the accuracy of the tests was shared by an expert witness. He was foreclosed, therefore, from rebutting the natural inference from the State's evidence that his refusal was an attempt to conceal his level of intoxication. We find this to be reversible error. We note that in *Wessels v. State,* 169 Ga.App. 246, 312 S.E.2d 361, 363 (1983), the Court of Appeals of Georgia, in holding that evidence of refusal to take a chemical test is admissible in a trial for driving under the influence of alcohol, noted, "Further, the defendant may in the course of trial offer explanation for such refusal."

Defendant should have been allowed to present the proferred evidence. We reverse his conviction and remand the case for a new trial.

■ II. *Due Process.* We do not consider defendant's argument that Iowa Code section 321B.4(2) denies him due process since it was not raised before the trial court.

REVERSED AND REMANDED.

All Judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

I respectfully dissent from the majority's determination that the defendant should have been allowed to explain his refusal to submit to a blood test and offer proof that other tests were more reliable.

The defendant's argument is premised on the claim that the prosecutor asked the jury to infer intoxication from his refusal to submit to the blood test. The record before this court is inadequate to consider this question. There is simply no indication in the transcript of the proceedings that the prosecutor ever requested that the jury draw such an inference. Furthermore, neither the opening or closing arguments were recorded. The only evidence of what actually occurred consists of the record made at the hearing on the defendant's motion for a new trial. I am not willing to interfere with the trial court's exercise of discretion under these circumstances. The defendant made no attempt to make an adequate record for review under Iowa Rule of Criminal Procedure 23.1 or Iowa Rule of Appellate Procedure 10(c). Any decision on the merits of the defendant's claim would necessarily require some degree of speculation. This is simply not a sufficient basis for reversal.

Additionally, I do not believe that the defendant's explanation of his refusal has any relevance to a fact of consequence in this proceeding. The key question in this case is whether the defendant was intoxicated. The fact that he offered to take another type of chemical test does not indicate that the defendant was not intoxicated. As the State points out, the offers are nothing more than cumulative evidence of his refusal to take the breath test. Likewise, expert testimony concerning the relative reliability of each test would have no bearing on the question of intoxication. If the defendant had submitted to a test, it would have been proper to attack the reliability of the test. However, when as in this case, the test was refused, there is no relevant reason to attack its reliability.

The defendant's explanation would also not be relevant to the question of whether or not he refused to take the test. The peace officer who invokes implied consent procedures has the authority to choose the type of chemical test to be given. Iowa Code § 321B.4(2) (1983). The fact that the peace officer would not give the test pre-

ferred by the defendant is of no consequence. The defendant had no right to debate or negotiate with the officer in this respect. While a person has the option to request that an independent test be given, this was not done in the instant case. Instead, the defendant in this action simply refused to take the breath test; any explanation as to why does not change this conclusion and is consequently irrelevant.

What is clear from the record is that the State offered evidence that the defendant refused to take a breath test. This type of evidence is admissible as a matter of law under Iowa Code section 321B.29. Due process does not require that the defendant be entitled to explain this type of refusal since it is irrelevant to the issues of intoxication and refusal. The defendant was entirely free to cross-examine the State's witnesses and present relevant evidence to rebut the allegations of intoxication and refusal. This is all that is constitutionally required.

The evidence gathering procedures of chapter 321B are carefully tailored to strike a proper balance between effective law enforcement and the due process rights of the individual. The majority's holding in this case unnecessarily impairs the integrity of the enforcement process. This is a result that should be avoided.