# IN THE COURT OF APPEALS OF IOWA

No. 18-2052
Filed January 23, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DONALD L. SMITH, JR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

A defendant appeals from two drug convictions. **AFFIRMED.**

Susan R. Stockdale, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A defendant appeals from two drug convictions. He alleges the evidence was insufficient to sustain his conviction and the weight was contrary to the verdicts. The defendant also characterizes the prosecutor's closing rebuttal argument as misconduct. We find that error was not preserved with respect to several of the defendant's arguments. We further conclude the evidence is sufficient to affirm the convictions and the verdicts are not contrary to the weight of the evidence.

**Background Facts and Proceedings**

On December 25, 2016, Polk County Deputy Jason Tart responded to a report of theft and trespass. Several officers were already on the scene when he arrived, and Deputy Tart was tasked with detaining Donald L. Smith Jr. Deputy Tart patted down Smith for weapons before placing him in the back of Deputy Tart's patrol vehicle. Deputy Tart later arrested Smith and conducted a search following the arrest. In both the initial pat down and the search following arrest, Smith kept his mid-calf length boots on and Deputy Tart acknowledged he did not search Smith's boots. Deputy Tart did inquire if Smith had anything in his boots, to which Smith responded in the negative. Following the arrest and subsequent search, Deputy Tart cuffed Smith's hands behind his back before placing him once more in the back of the patrol vehicle.

Deputy Tart then transported Smith to the Polk County Jail. During the drive from the arrest scene to the jail, Smith bent over from the waist while seated in the backseat. When Deputy Tart asked Smith about this action, Smith complained of discomfort due to the handcuffs. Deputy Tart heard Smith's "foot hitting the bottom

of the cage, which goes right underneath the passenger's seat." When Deputy Tart and Smith arrived at the jail, Deputy Tart had Smith exit the patrol vehicle and he noticed that Smith made a "slower, exaggerated movement" that Deputy Tart characterized as one foot dragging across the floor. Smith's pant leg was not raised above his boot on his right leg at the time he entered the patrol vehicle at the arrest site. However, it was raised when Smith exited the vehicle at the jail.

After escorting Smith from the patrol vehicle to the jail, Deputy Tart returned to the vehicle and searched the backseat area, where he found a coin purse and a case for chapstick or lipstick. In the case and the coin purse, Deputy Tart found small bags of a "white crystalline substance" later confirmed to be methamphetamine. The coin purse also contained $700, mostly in twenty-dollar bills.

The State filed a trial information charging Smith with possession of a controlled substance with intent to deliver under Iowa Code section 124.401(1)(b)(7) (2016) and failure to possess a drug tax stamp under section 453B.3 and 453B.12. During closing arguments of an October 2018 jury trial, defense counsel asked the jury to have the State "explain" how Smith reached into his boot, pulled his pant leg up, and pulled out the coin purse and the case to conceal them on the floor. The State rebutted by accusing defense counsel of "asking [the jury] to add additional elements that I have to prove in order for" the jury to be able to do its job. Defense counsel did not object to this prosecutorial statement.

Smith moved for judgment of acquittal both following the close of the State's evidence and at the conclusion of defense evidence. The motions were denied by

the district court. The jury convicted Smith on both counts. Smith filed post-trial motions, including a motion in arrest of judgment and a motion for a new trial, which were also denied.

Smith appeals. While appellate counsel submitted briefing, Smith himself submitted a supplemental pro se brief.

**Standard of review**

We review a jury verdict for substantial evidence. *State v. Button*, 622 N.W.2d 480, 483 (Iowa 2001). "[A] challenge of the sufficiency of the evidence is for correction of errors at law." *Id.* Trial court rulings on motions for a new trial are reviewed for abuse of discretion. *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998). Rulings on prosecutorial misconduct are reviewed for abuse of discretion. *State v. Thornton*, 498 N.W.2d 670, 676 (Iowa 1993); *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015).

**Discussion**

On appeal, Smith argues (1) the evidence is insufficient to support the guilty verdicts, (2) the verdicts are contrary to the evidence, and (3) the State committed prosecutorial misconduct during closing arguments. In addition to his appellate counsel's arguments raised in briefing, Smith filed a supplement pro se brief. None of the arguments in the pro se brief that are not duplicative of appellate counsel's brief have been properly preserved. In considering the arguments made by Smith's appellate counsel as set forth above, we affirm the verdicts.

I. Insufficiency of Evidence

"In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the State." *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999).

Where the record contains substantial evidence to support the verdict, we are bound by the factfinder's determination of guilt. *State v. Button*, 622 N.W.2d 480, 483 (Iowa 2001). "Evidence is substantial if it could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt." *Greene*, 592 N.W.2d at 29. "The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *State v. Webb*, 648 N.W.2d 72, 76 (Iowa 2002).

A review of the record reveals substantial evidence. The defendant concedes that baggies of methamphetamine were found in a lipstick case and a coin purse on the floor of the vehicle in which he was transported to the Polk County Jail. Although Smith argues the case and coin purse were present before he entered the vehicle, Deputy Tart testified that he was "certain" he had searched the backseat of his vehicle after having transported a person involved in an automobile accident hours earlier.

Deputy Tart's pat down prior to arrest and search following the arrest did not reveal the drugs. Deputy Tart acknowledged he did not search Smith's boots. The in-car camera captured evidence consistent with the State's allegations. This evidence included video of Smith leaning over and audio of noises consistent with Deputy Tart's testimony that Smith's feet were rustling against the floor and cage of the patrol vehicle. Smith's recorded movements during the transport are consistent with the State's allegation that he coaxed the contraband from his boots during the ride.

On appeal, Smith argues Deputy Tart would have felt the items had they been in Smith's boots. He also highlights the State's reliance on inferences to

make its case and the lack of direct evidence showing the case and coin purse were ever on Smith's person. While these arguments identify Smith's perceived weaknesses in the State's case, they do not merit reversal of Smith's conviction. "Evidence relevant to an issue of fact can be either direct or circumstantial, or both." *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017). "[C]ircumstantial evidence is not inferior to direct evidence. In a given case, circumstantial evidence may be more persuasive than direct evidence." *State v. Brubaker*, 805 N.W.2d 164, 172 (Iowa 2011).

"A defendant's close physical proximity to contraband, as virtually all authorities agree, is insufficient in itself to constitute dominion and control." *State v. Atkinson*, 620 N.W.2d 1, 4 (Iowa 2000). However, Smith was more than simply close in physical proximity to the drugs found in this case. A "rational trier of fact" could find the deputy's testimony that the drugs were not present in the vehicle prior to Smith's entry and that Smith made movements consistent with hiding the drugs to be credible. Under these circumstances, we agree that a "rational trier of fact" could find "the defendant is guilty of the crime charged beyond a reasonable doubt." *Greene*, 592 N.W.2d at 29.

II. Verdicts Contrary to Evidence

We next turn to Smith's argument the trial court abused its discretion by denying his motion for a new trial, alleging the verdict is contrary to the evidence. "An abuse of discretion occurs when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Walker*, 935 N.W.2d 874, 877 (Iowa 2019). We find the reasons

pronounced by the district court are not "clearly untenable or to an extent clearly unreasonable."

Under Iowa Rule of Criminal Procedure 2.24(2)(b), a "court may grant a new trial . . . (6) When the verdict is contrary to law or evidence." "Contrary to . . . the evidence" means "contrary to the weight of the evidence." *Ellis*, 578 N.W.2d at 659; *see also State v. Wickes,* 910 N.W.2d 554, 570 (Iowa 2018). The district court denied the motion for a new trial, noting that a new trial should be granted only in the extraordinary case in which the evidence preponderates heavily against the verdict. The district court stated, "the court cannot say that the verdict rendered was against the weight of the evidence, and it's certainly not the extraordinary case where the evidence preponderates heavily against the verdict rendered." While the trial court acknowledged the facts "may be a close case," it did not determine the verdict to be contrary to the evidence. Given the discovery of methamphetamine following Smith's suspicious actions in the backseat of Deputy Tart's patrol vehicle, we cannot describe the district court's denial of the motion as "clearly untenable or . . . clearly unreasonable." *Walker*, 935 N.W.2d at 877. We find no abuse of discretion.

## III. Misconduct During Rebuttal Argument

Smith takes issue with the State's rebuttal closing argument that characterized defense counsel's closing argument as adding an additional element to the offense of possession of a controlled substance with intent to deliver.

To preserve review of alleged errors during closing arguments, the aggrieved party must timely object to give the trial court the opportunity to correct the matter. *State v. Phillips*, 226 N.W.2d 16, 18–19 (Iowa 1975). "Ordinarily,

where no objection was made at trial to statements made by opposing counsel in his closing argument and counsel did not move for a mistrial due to the alleged misconduct, this court cannot consider the matter on appeal." *Pose v. Roosevelt Hotel Co.*, 208 N.W.2d 19, 31 (Iowa 1973).

To obtain relief on the basis of prosecutorial misconduct in closing arguments, a defendant "must make timely and proper objection to the offending argument. Unless objection is made at the time of the argument, the defendant has waived his right to complain." *State v. Romeo*, 542 N.W.2d 543, 552 (Iowa 1996) (citations omitted). Where defense counsel takes issue with a prosecutor's allegedly improper remarks for the first time in a motion for a new trial, error is not preserved, as "a motion for new trial is not a substitute for objecting at the time of the offending conduct." *Id.* at 552–53.

We first find that trial counsel made no objection to the State's allegedly objectionable comment. We disagree with the State's comment that error on this issue might be preserved under *Lamasters v. State*, 821 N.W.2d, 856, 862–63 (Iowa 2012), because the trial court addressed the question of prosecutorial misconduct at a hearing on the motion for a new trial and motion in arrest of judgment. Under *Romeo*, closer to the instant case in factual and procedural background than *Lamasters*, a defendant waives his right to complain of prosecutorial misconduct if a motion is not made "before submission to the jury." *Romeo*, 542 N.W.2d at 552–53 n.5 (quoting *State v. Nelson*, 234 N.W.2d 368, 371 (Iowa 1975)). We hold that error on this issue was not preserved.

Even if Smith's trial counsel had preserved error, we find no prejudicial prosecutorial misconduct in the prosecutor arguing the elements as instructed by

the court. The initial requirement for a due process claim based on prosecutorial misconduct is proof of misconduct. *State v. Piper,* 663 N.W.2d 894, 913 (Iowa 2003), *overruled in part on other grounds by State v. Hanes*, 790 N.W.2d 545, 551 (Iowa 2010). Evidence of the prosecutor's bad faith is not necessary, as a trial can be unfair to the defendant even when the prosecutor has acted in good faith. *State v. Leuty,* 73 N.W.2d 64, 69 (Iowa 1955).

The second required element is proof the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial. *Piper,* 663 N.W.2d at 913. "Thus, it is the prejudice resulting from misconduct, not the misconduct itself, that entitles a defendant to a new trial." *Id.*

In determining prejudice, the court looks at several factors "within the context of the entire trial." *Id.*

> We consider (1) the severity and pervasiveness of the misconduct, *State v. Webb*, 244 N.W.2d 332, 333 (Iowa 1976); (2) the significance of the misconduct to the central issues in the case, *see Piper*, 663 N.W.2d at 903, 913; (3) the strength of the State's evidence, *Greene*, 592 N.W.2d at 32; (4) the use of cautionary instructions or other curative measures, *State v. Anderson*, 448 N.W.2d 32, 33 (Iowa 1989); and (5) the extent to which the defense invited the misconduct, *State v. Swartz,* 601 N.W.2d 348, 353 (Iowa 1999).

*State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Based on review of the record and these factors, we find neither misconduct nor prejudice in the prosecutor's statements as alleged by Smith.

IV.     Pro Se Briefing

Smith's pro se brief adds additional arguments to the contents of his appellate counsel's brief.[1]  He argues Deputy Tart's search of the police vehicle's backseat violated the Fourth Amendment of the U.S. Constitution and article 1, section 8 of the Iowa Constitution.  He next argues his due process rights were violated under Iowa Constitution article 1, section 9 by Deputy Tart's alleged contamination of the evidence.  These alleged errors are not preserved.

> The preservation of error rule
>
> requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue.  The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it.

*Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002).  Here, there is no evidence that the court was aware of these arguments and neither is there evidence that the court considered them.  Notably, the record contains no motion to suppress the evidence at issue.  These arguments are thus unpreserved.  *Cf. Lamasters*, 821 N.W.2d at 864 (holding that even "incomplete or sparse" reasoning on an issue will preserve it).

---

[1] We consider the pro se brief as part of Smith's appeal because this matter was already pending when Iowa Code section 814.6A took effect on July 1, 2019.  *See State v. Macke*, 933 N.W.2d 226, 236 (Iowa 2019) (concluding the new code provisions limiting the right of represented parties to file pro se briefs apply only to appeals filed after the law took effect on July 1, 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019.  *See id.*

Smith's pro se brief further argues he was not provided with the full unedited video of the jail car ride, which he alleges violates the Fifth Amendment, the Sixth Amendment, and article 1, section 10 of the Iowa Constitution. We dismiss this argument because the record reveals an agreement between his trial counsel and the prosecutor to use the edited version of the video. There was no objection to the video at trial because the parties agreed to its use. Smith's argument is thus both waived and unpreserved.

**Conclusion**

We agree that the evidence is sufficient to support the verdict. The weight of the evidence is not contrary to the verdicts. As no objection was made to the prosecutor's alleged misconduct during closing arguments, error was not preserved on that issue. We further find that even if error had been preserved, there was no prejudicial misconduct. To the extent the arguments raised in the pro se brief are not duplicative of the appellate brief, the arguments are unpreserved.

**AFFIRMED.**