# IN THE COURT OF APPEALS OF IOWA

No. 15-0819
Filed August 17, 2016

**DWAYNE WILLIAMS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Applicant appeals the district court decision denying his application for postconviction relief from his conviction for first-degree robbery. **AFFIRMED.**

Roman Vald of LaMarca Law Group, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., McDonald, J., and Goodhue, S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Dwayne Williams has appealed from the denial of his application for postconviction relief.

I. Background Facts and Proceedings

A jury found Williams guilty of robbery in the first degree in June 2010. Williams appealed the verdict, but his conviction was affirmed, and procedendo issued on February 3, 2012. *See State v. Williams*, No. 10-1254, 2011 WL 5394366, at *1 (Iowa Ct. App. Nov. 9, 2011). Williams filed for postconviction relief, but his application was summarily denied. On February 14, 2014, Williams filed this, his second request for postconviction relief. Williams predicates his claim on ineffective assistance of trial counsel, appellate counsel, and his first postconviction relief counsel. His claims of ineffective assistance of counsel relate to pretrial procedural errors, allegations of forgery and falsification of court documents and records, and deliberate denial by authorities of access to the records he asserts would establish the procedural errors on which he relies in this proceeding.

II. Preservation of Error

Error is generally considered preserved when the issue to be decided has been raised and ruled on by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The State contends error has not been preserved and Williams's claims have been waived by operation of Iowa Code section 822.8 (2013). The cited section provides that, "All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental, or amended application." Iowa Code § 822.8. However, the cited

section also provides an exception when "the court finds a ground for relief asserted for which sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." *Id.* When the filing of a request for postconviction relief is not barred by operation of Iowa Code section 822.3, ineffective assistance of counsel is sufficient reason for not having raised an issue in either the direct appeal or on a prior postconviction action. *Odem v. State*, 483 N.W.2d 17, 19 (Iowa Ct. App. 1992). All issues raised in the appeal were raised before and ruled on by the trial court. Error has been preserved.

### III. Standards of Review

An appeal from the denial of a postconviction relief application is ordinarily reviewed for errors of law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, claims of ineffective assistance of counsel are reviewed de novo. *Id.*

### IV. Discussion

To prevail on a claim of ineffective assistance of counsel, a claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). A claim of ineffective assistance of counsel must overcome the presumption that counsel is competent. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Counsel is not ineffective for failing to make a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Williams raised multiple pretrial issues not raised by his trial counsel, appellate counsel, or first postconviction counsel. Williams contends that failing to raise these issues constitutes ineffective assistance of counsel. The issues Williams now raises are primarily based on his contention the trial court and

prosecutor failed to follow our rules of civil procedure and, in a cover-up effort, authorities forged or altered documents and failed to provide him the information necessary to obtain the requested relief. His claims are as follows: (1) the trial information that was the basis of his conviction had not been signed by the prosecutor or approved by the court, in violation of Iowa Rule of Criminal Procedure 2.5; (2) his waiver of his right to a preliminary hearing was not valid because he was not represented by counsel at the time; (3) he was not formally arraigned; (4) the State failed to file a trial information within forty-five days of his arrest, violating his right to a speedy indictment under rule 2.33(2)(a); (5) trial was not held within ninety days after the trial information was filed, in violation of his rule 2.33(2)(b) right to speedy trial; (6) he was not brought to trial within one year of the filing of the trial information, in violation of his right to a speedy trial pursuant to rule 2.33(2)(c); (7) the clerk of court and the court itself failed to provide him the documents necessary to prepare for this postconviction proceeding; (8) court records have been forged, supplemented, or altered after the fact to show compliance with the rules; (9) any waiver purporting to bear his signature has been forged; and (10) the initial counsel in the postconviction proceeding did not disclose a conflict of interest until eleven months after representation began.

The trial court considered each of these allegations in some detail and found that the assertions made under points (1), (3), and (4) are directly contradicted by the court records. As to item (2), the trial information was filed before the preliminary hearing, obviating the need for the hearing. *See State v. Petersen*, 678 N.W.2d 611, 613 (Iowa 2004). Williams waived the speedy trial

rights claimed in items (5) and (6). There was no proof of claims (7), (8), and (9), only Williams's unsupported assertions. As to item (10), there was no showing of the nature of the conflict, no explanation as to whether Williams is contending counsel should not have withdrawn or should have withdrawn earlier, and no showing of why or how the withdrawal prejudiced Williams in any way. In summary, the only legal issues before us concern the burden of proof and credibility, and no factual basis exists to support Williams's claims except his own assertions.

There is a presumption of credibility that attaches to a court file. *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986). We give weight to the trial court's factual findings, especially in the assessment of credibility. *Ledezma*, 626 N.W.2d at 141. The trial court did not find Williams's testimony sufficiently credible to overcome the presumption that attaches to the court record. The burden to establish ineffective assistance of counsel as to both required elements is on the applicant. *Id.* at 142. Williams has failed to meet that burden as to either element. Accordingly, we affirm.

**AFFIRMED.**