# IN THE COURT OF APPEALS OF IOWA

No. 15-1860
Filed March 8, 2017

**ALEKSANDAR CIRIC,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Applicant appeals the district court decision denying his request for postconviction relief from his convictions for third-degree burglary and third-degree theft. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Bower, J., and Goodhue, S.J.*  McDonald, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BOWER, Judge.**

Aleksandar Ciric appeals the district court decision denying his request for postconviction relief from his convictions for third-degree burglary and third-degree theft. We find the district court properly denied Ciric's request to find the State in default in the postconviction action. Additionally, Ciric has not shown he received ineffective assistance based on his claims defense counsel should have (1) conducted depositions in a more timely manner, (2) filed a motion to dismiss on the ground the trial information was defective, and (3) filed a motion to dismiss on speedy trial grounds. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

On March 5, 2013, a preliminary complaint was filed alleging Ciric had committed third-degree burglary, possessed a controlled substance, and possessed burglar's tools. A trial information was filed on April 3, 2013, charging Ciric with burglary in the third degree, possession of burglar's tools, and theft in the second degree. The trial information in the court file was signed by a judge. The minutes of testimony were filed at the same time as the trial information.

Ciric filed a pro se motion to dismiss, claiming the trial information was improper because the copy he received did not include a judge's signature. The district court denied the motion, finding the motion to dismiss was without merit.

Defense counsel filed a motion to produce and gave notice of the intent to conduct depositions. The case was scheduled for trial on June 24, but defense counsel asked for a continuance in order to conduct depositions. The court

granted the continuance and rescheduled trial for June 26. The depositions were conducted on June 25.

The process of selecting a jury commenced as scheduled on June 26. On June 27, prior to the beginning of the trial, Ciric agreed to plead guilty to third-degree burglary, in violation of Iowa Code section 713.6A(1) (2013), and third-degree theft, in violation of section 714.2(2). The State agreed to dismiss the charge of possession of burglar's tools and not to file additional charges against him. Ciric was sentenced to terms not to exceed five years and two years, to be served consecutively. Ciric's convictions were affirmed on appeal. *State v. Ciric*, No. 13-1110, 2014 WL 5243344, at *2 (Iowa Ct. App. Oct. 15, 2014).

On December 26, 2014, Ciric filed an application for postconviction relief, alleging he received ineffective assistance because defense counsel did not (1) file a motion to dismiss on the ground the trial information was defective; (2) file a motion to dismiss on the ground his right to a speedy trial was violated; and (3) timely depose witnesses.

On July 27, 2015, Ciric filed a motion claiming the State was in default because it had not filed a motion or answer to his application for postconviction relief within a reasonable time. The State filed an answer on August 11, 2015. The court entered an order stating the motion for default would be considered at the time of the postconviction hearing. During the hearing, the court ruled from the bench to deny Ciric's motion to find the State in default.[1]

---

[1] At the hearing, the assistant county attorney argued Ciric's motion had previously been denied by a different judge. The prior district court order, filed on July 22, 2015, denied Ciric's motion for summary disposition based on his claim he was denied the right to a speedy trial under Iowa Rule of Criminal Procedure 2.33. There was no prior

The district entered an order denying Ciric's application for postconviction relief. The court found there was no evidence to show the trial information was defective. The court determined the ninety-day time period for a speedy trial began running at the time the trial information was filed, not at the time of the preliminary complaint, and therefore, there was no infringement of Ciric's speedy trial rights. The court also found Ciric had not shown defense counsel failed to adequately prepare for trial, including conducting depositions of the State's witnesses. Additionally, Ciric had not shown he received ineffective assistance on the trial information and speedy trial issues because his complaints on those issues were without merit. Ciric appeals the decision of the district court.

## II. Default by State

In a pro se brief, Ciric claims the State was in default because it did not file a timely response to his application for postconviction relief. "[D]efault procedures are inconsistent with and would serve no useful purpose in our postconviction review process." *Furgison v. State*, 217 N.W.2d 613, 618 (Iowa 1974). Even if the State never filed an answer to an application for postconviction relief, the court would still address the case on the merits. *See Thomas v. State*, 220 N.W.2d 874, 877 (Iowa 1974). We conclude Ciric has not shown the district court abused its discretion in denying his motion for default.

## III. Ineffective Assistance

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State,* 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective

---

ruling on Ciric's motion, filed on July 27, 2015, claiming the State was in default because it did not file a timely answer to his application for postconviction relief.

assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll,* 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Ciric claims he received ineffective assistance because defense counsel did not complete depositions until just before trial started. He states defense counsel breached the duties of thoroughness and preparation for trial and this caused Ciric to lose faith in defense counsel, so he decided to plead guilty rather than proceed to trial.

We determine Ciric has not shown defense counsel breached an essential duty. The depositions of the State's witnesses were completed prior to the trial. At the postconviction hearing, defense counsel testified he was prepared to proceed with the trial but Ciric stated he wanted to accept a plea bargain. Additionally, there is no evidence to show Ciric would have insisted on going to trial if the depositions were conducted earlier. *See State v. Straw,* 709 N.W.2d 128, 138 (Iowa 2006) (finding where a defendant has pled guilty, in order to show the prejudice component of a claim of ineffective assistance of counsel, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial"). We conclude Ciric has not shown he received ineffective assistance of counsel on this issue.

**B.** Ciric claims he received ineffective assistance because defense counsel should have filed a motion to dismiss on the ground the trial information was defective. The copy of the trial information received by Ciric did not have a judge's signature. Ciric claims the trial information did not conform to Iowa Rule of Criminal Procedure 2.5(4), which provides, "Prior to the filing of the information, it must be approved by a district judge, or a district associate judge or judicial magistrate having jurisdiction of the offense."

We determine Ciric has not shown defense counsel breached an essential duty. Ciric's objections to the trial information are without merit. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) ("Counsel does not fail to perform an essential duty by failing to raise a meritless objection."). The trial information in the court file, dated April 3, 2013, was signed by a judge, and thus, the trial information complied with rule 2.5(4). Also, the minutes of testimony were attached to the trial information.

Furthermore, Ciric is unable to show prejudice. He raised the issue in a pro se motion to dismiss on May 20, 2013, and the court denied the motion, finding "The trial information filed in this matter was reviewed, approved, and filed in accord with the Iowa Rules of Criminal Authority and other controlling authority." Therefore, a motion to dismiss on the ground the trial information was defective was made in the district court, and was rejected.

**C.** Ciric claims he received ineffective assistance because defense counsel did not file a motion to dismiss on the ground his right to a speedy trial had been violated. Unless a defendant waives the right to a speedy trial, under

rule 2.33(2)(b), "the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." Ciric states the ninety-day speedy trial period began to run on March 5, 2013, when the preliminary complaint was filed, and ran out on June 2, 2013. He states because he was not tried by June 2, the charges against him should have been dismissed.

For purposes of rule 2.33, the term "indictment" includes a trial information. *See State v. Lies*, 566 N.W.2d 507, 508 (Iowa 1997). A preliminary complaint and trial information have separate functions. *State v. Petersen*, 678 N.W.2d 611, 613 (Iowa 2004). A preliminary complaint concerns the legality of detaining a person before an indictment or trial information is filed. *Id.* This is distinct from a trial information, which is necessary to charge a defendant with an indictable offense. *Id.* Rule 2.33 refers to an "indictment," and this also means a trial information. *See Lies*, 566 N.W.2d at 508. The rule does not refer to a preliminary complaint, which has a separate function. *See Petersen*, 678 N.W.2d at 613.

Under rule 2.33(2)(b), a defendant is entitled to a trial within ninety days after an indictment or trial information is filed. The trial information was filed on April 3, 2013, and Ciric's trial commenced on June 26, within ninety days. Ciric has not shown he received ineffective assistance due to counsel's failure to file a motion to dismiss on speedy trial grounds because such a motion would have been meritless. *See Lopez*, 872 N.W.2d at 169. In addition, Ciric cannot show

he was prejudiced because if such a motion had been made it would have been denied.

We affirm the decision of the district court denying Ciric's application for postconviction relief.

**AFFIRMED.**