**IN THE COURT OF APPEALS OF IOWA**

No. 20-0869
Filed August 18, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MITCHELL ALAN KHAN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

     Mitchell Khan challenges the denial of his motion to dismiss the charge of operating while intoxicated.  **REVERSED AND REMANDED.**

     Scott A. Michels of Gourley, Rehkemper, & Lindholm, P.L.C., West Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

     Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

The State charged Mitchell Khan with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2019).  On appeal, Khan argues the district court should have granted his motion to dismiss pursuant to Iowa Rule of Criminal Procedure 2.33(2)(a).  We agree and reverse.[1]

Rule 2.33(2)(a) requires speedy indictment.  It usually permits the State only forty-five days to file a trial information.  Iowa R. Crim. P. 2.33(2)(a).  The question here is: when did the forty-five days start?  Khan contends it started on November 22, 2019, when he was pulled over for erratic driving, detained in handcuffs, placed in a patrol car, transported to a jail, offered field and breath tests, advised he was being "placed under arrest" for operating while intoxicated, accused in a complaint and affidavit of "operating while under the influence 1st offense," and ultimately released after posting bond.  The State contends the forty-five days did not start until December 2—when Khan filed his waiver of preliminary hearing.  While the parties' proposed "start dates" are just a few days apart, the difference is crucial.  It is crucial because the State did not file its trial information until January 7.  So if the forty-five-day clock started with Khan's arrest on November 22, the trial information was late and the district court should have granted Khan's motion to dismiss.  *See id.*  Conversely, if the forty-five-day clock started with Khan's December 2 waiver of preliminary hearing, the trial information was timely and the court was right to deny Khan's motion.

---

[1] "We review speedy indictment issues for the correction of errors of law."  *State v. Leachman*, No. 18-1826, 2020 WL 5651282, at *2 (Iowa Ct. App. Sept. 23, 2020).

Fortunately, everyone agrees the answer to this dilemma can be found in *State v. Williams*. 895 N.W.2d 856 (Iowa 2017). But that is where the agreement ends. In Khan's view, *Williams* teaches that the forty-five days began when he was taken into custody and arrested. Conversely, the State reads *Williams* to mean the forty-five-day period "did not begin to run until the date of Khan's initial appearance before a magistrate, or [as actually occurred] the date he waived that appearance."

We agree with Khan. In *Williams*, our supreme court provided guidance on two questions: (1) *In what cases* does the speedy indictment rule apply? (2) If the rule applies, *when* does its forty-five-day period begin? *See id.* at 867. When *the first question* is in dispute, *Williams* requires courts to consider whether a defendant was brought before a magistrate or waived the appearance.[2] *Id.* But here, we need not address the first question. Everyone agrees the speedy indictment rule applies here. So everyone agrees there were only forty-five days for the State to file its trial information. The only question is: From *what event* did the forty-five days run?

On this point, *Williams* seems clear. It states "*the time* for bringing the indictment [or filing a trial information] runs from the initial arrest." *Id.* at 865; *see also id.* at 858 ("We conclude the speedy-indictment rule is properly interpreted to *commence upon arrest* . . . . (emphasis added)); *id.* at 867 ("The rule is triggered *from the time a person is taken into custody* . . . ." (emphasis added)). The main caveat, we believe, is that a brief

---

[2] Under *Williams*, the speedy indictment rule applies if: (1) a person is lawfully arrested, that is, "taken into custody in the manner authorized by law" and (2) "the arrest is completed" because the person is "tak[en] . . . before a magistrate for an initial appearance" or the person waives initial appearance. 895 N.W.2d at 867; *see also id.* at 865 ("A speedy indictment is only needed when a defendant is arrested *and subsequently* held to answer by the magistrate following the arrest." (emphasis added)).

investigative detention or similar "seizure for Fourth Amendment purposes" is not sufficient *alone*. *Id*. at 867 (Mansfield, J., specially concurring); *see also id*. at 868. Rather, an "[a]rrest for purposes of the speedy indictment rule requires the person to be taken into custody *in the manner authorized by law*." *Id*. at 867 (emphasis added). This means the arrest must meet the requirements of Iowa Code sections 804.5 and 804.14(1). *Id*. at 865. Those provisions require:

> [T]he person making the arrest to inform the person being arrested of the intention to arrest, the reason for the arrest, the identity of the person making the arrest as a peace officer, and the requirement for the person to submit to custody. *See* Iowa Code § 804.14. If the arrest is by warrant, the person making the arrest may also be required to show the person the warrant. *See id.* These procedures describe the "manner authorized by law" in taking a person into custody. *See id.* §§ 804.5, .14.

*Id*. at 865.

Applying *Williams* here: On November 22, Khan was arrested for operating while intoxicated. The November 22 arrest met the requirements of sections 804.5 and 804.14(1) because Khan was required to submit to custody, advised he was being arrested, told the reason for the arrest, and so on. So the November 22 arrest began the forty-five-day period. As a result, the January 7 trial information was late.

We reverse and remand for entry of an order of dismissal.

**REVERSED AND REMANDED.**

Schumacher, J., concurs; Greer, J., dissents.

**GREER, Judge** (dissenting).

Because I believe the trial court followed the guidance of *State v. Williams*, 895 N.W.2d 856 (Iowa 2017), I must dissent from the majority opinion. *See State v. Smith*, 957 N.W.2d 669, 675 (Iowa 2021) (noting *Williams* "provides the most recent definition of how courts are to apply the speedy indictment rule"). And because *Williams* sought to avoid any debates about what might constitute an arrest, I think we are not to go down that road.[3] At the outset, I would frame the question as "*What is an arrest for purposes of a speedy indictment*?" Mitchell Khan's case resolution depends on the answer. After his arrest for operating while intoxicated (OWI), Khan faced a forty-five day clock for the State to file its trial information. Khan says the State blew the deadline; the State says it did not. Khan waived his right to a jury trial and, after a trial to the bench, was found guilty of OWI. He appealed after his sentencing.

The sole issue on appeal relates to Khan's right to a speedy indictment. To raise the issue with the trial court, Khan moved to dismiss the charge, alleging his right to a speedy indictment under Iowa Rule of Criminal Procedure 2.33(2)(a) was violated. That section, in relevant part, provides:

> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

---

[3] *Williams* states that "[a]t times we did rely on the statutory manner of making an arrest under section 804.14 to determine if the speedy indictment rule was triggered," yet criticizes Iowa as the only jurisdiction in the country to interpret its speedy indictment rule to rely solely on the moment of arrest. 895 N.W.2d at 863.

Iowa R. Crim. P. 2.33(2)(a). This rule originates from the "more comprehensive right to speedy trial guaranteed under the United States and Iowa Constitutions." *Williams*, 895 N.W.2d at 867 (referencing U.S. Const. amend. VI; Iowa Const. art. I, § 10).

Here, the key facts are: (1) date of detainment: November 22, 2019,[4] (2) date of filing the written appearance waiving personal appearance and preliminary hearing: December 2, 2020,[5] and (3) date of filing the trial information: January 7, 2020. Khan calculates the filing of the trial information to be forty-six days after the date of the arrest. Khan urges that "arrest" should mean at the time of his detainment on November 22. He points to the criminal complaint that notes the arrest date as November 22. In contrast, the State argues the forty-five day clock started with the filing of the written initial appearance, which the State argues is the date of the arrest as defined under *Williams*. *See id.* at 867. Thus, the State calculates the deadline to file the trial information as January 20, 2020, making the filing timely. The trial court agreed with the State.

We return to our question. When was Khan arrested for purposes of the speedy indictment rule? After an extensive discussion of the history of the "speedy trial landscape," *Williams* teaches what "arrest" means in that context:

> Arrest for the purposes of the speedy indictment rule requires the person to be taken into custody in the manner authorized by law. The manner of arrest includes taking the arrested person to a magistrate. The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance.

---

[4] Deputy Brandon Bruxvoort filed a preliminary complaint with the court three days later.
[5] The ruling on the motion to dismiss incorrectly refers to December 6 as the date of filing the appearance and waiver.

*Id.* at 867. Khan bonded out before making his initial appearance in front of the magistrate. He instead filed a written initial appearance and waiver of preliminary hearing on December 2, 2019. In the history developed in *Williams*, the court noted the speedy indictment time-period was tied to the fundamental probable-cause determination required for the State to prosecute a person arrested and accused of a crime. *Id.* at 860. But criminal trial practice evolved through the years so that fewer and fewer preliminary examinations to establish probable cause occur. *Id.* at 861. Instead, prosecutors now routinely file a trial information to avoid the necessity of the preliminary hearing. *See State v. Clark*, 138 N.W.2d 120, 122 (Iowa 1965) ("As to the complaint that no preliminary hearing was provided, none was necessary. A county attorney's information had been filed. . . . The procedure does not contemplate a preliminary hearing."). The State employed that procedure here.

With that procedure in mind, the endorsement by a judge of the trial information establishes a finding of probable cause, obviating the need for a preliminary hearing. *See State v. Shank*, 296 N.W.2d 791, 792 (Iowa 1980). The purpose of a trial "information is to apprise the defendant of the crime charged so that the defendant may have the opportunity to prepare a defense." *State v. Grice*, 515 N.W.2d 20, 22 (Iowa 1994). "When the court approves the trial information, it determines whether there is probable cause to detain the defendant to answer the charge." *State v. Petersen*, 678 N.W.2d 611, 614 (Iowa 2004). And, here, the trial court examined the trial information and stated:

> On this date, I have reviewed the attached Trial Information and the accompanying Minutes of Testimony and find that they contain evidence which, if unexplained, is sufficient to warrant a conviction by a trial jury. Being satisfied from the showing made that the case should be prosecuted, I approve the Trial Information.

Notably the *Williams* facts are different from what we find here. In *Williams*, the police took the defendant into custody, transported him to the police station, and read his rights and questioned him, but he was not booked or told he was arrested. 895 N.W.2d at 858. No criminal citations were filed. *Id.* With Khan, most would agree a statutory arrest occurred under Iowa Code sections 804.5[6] and 804.14(1)[7] (2019). The deputy took Khan to the jail, booked him, and filed a citation, yet Khan did not make an initial appearance before a magistrate because he bonded out. Rather than return to the debate of what constitutes an "arrest," we should heed *Williams* and avoid that exercise. Instead, we should use the "bright line" approach for purposes of triggering the speedy indictment rule so we do not return to the inconsistent application noted in the case law history *Williams* described. *See* 895 N.W.2d at 863-67, *accord* 895 N.W.2d at 869 (Mansfield, J., concurring specially) (discussing that the court had drawn a "bright line" for when statutory arrest occurs for speedy indictment purposes). We should follow the trial court's lead and account for the entire process of an arrest, with consideration that the "manner of arrest includes taking the arrested person to a magistrate" for an initial appearance." *Id.* at 867.

---

[6] "Arrest is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody." Iowa Code § 804.5.

[7] Iowa Code section 804.14(1) states:

> A person making an arrest must inform the person to be arrested of the intention to arrest the person, the reason for arrest, and that the person making the arrest is a peace officer, if such be the case, and require the person being arrested to submit to the person's custody, except when the person to be arrested is actually engaged in the commission of or attempt to commit an offense, or escapes, so that there is no time or opportunity to do so.

Consequently, I would affirm the ruling that the filing of the written appearance on December 2, 2019, triggered the speedy indictment rule, as that is when the arrest for purposes of that rule was complete.  The trial court correctly denied Khan's motion to dismiss.